(86 South. 130)

WEEDEN v. STATE.   (8 Div. 711.)

(Court of Appeals of Alabama.   June 22, 1920.)

1. LARCENY &=43—PROOF OF GOOD CHARACTER OF DEFENDANT FOR HONESTY IN COMMUNITY OF RESIDENCE PROPER.

In a prosecution for grand larceny, it was error to refuse to allow defendant, who had interposed a plea of not guilty, to prove his general good character for honesty in the community in which he lived, since, when proof of good character is offered, it is proper that it be directed to the particular traits of character involved in the nature of the charge.

2. CRIMINAL LAW &=1120(3)—EXCLUSION OF CHARACTER EVIDENCE ERROR, THOUGH NATURE OF ANSWER NOT SHOWN.

In a prosecution for grand larceny, error in excluding proof of defendant's good character for honesty in the community wherein he lived *held* not affected by the insistence of the state that it did not appear what the answer would have been; the trial court having stated that such proof would not be allowed.

Appeal from Circuit Court, Madison County; Robt. C, Brickell, Judge.

Arthur Weeden was convicted of larceny, and he appeals. Reversed and remanded.

Lanier & Pride and Betts & Betts, all of Huntsville, for appellant.

The court erred in not permitting the defendant to show his good character for honesty. 14 Ala. App. 46, 70 South. 991; 18 Ala. 720; 40 Ala. 698; 63 Ala. 173; 74 Ala.

1; 88 Ala. 223, 6 South. 761; 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; 142 Ala. 14, 39 South. 329.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The authorities cited by appellant do not sustain the proposition asserted. 11 Fla. 295; 68 Ind. 54; Taylor on Evidence, § 326; 1 Greenleaf, § 54; 50 Atl. 95.

BRICKEN, P. J.   The defendant was indicted for the offense of grand larceny; the specific charge being that he feloniously took and carried away from the dwelling house of L. H. Sanderson one side of meat, of the value of $16, the personal property of L. H. Sanderson. The defendant interposed a plea of not guilty, and among other things offered as a defense to prove his general good character for honesty in the community in which he lives. The court would not permit him to make this proof, stating that he "would permit defendant to prove his general good character, but he would not permit him to limit it to general good character for honesty alone." This ruling of the court presents the only question for review in this case.

[1] To charge a person with larceny is to charge directly and in so many words that he is dishonest, and one of the most vital issues in a prosecution of this character is whether the accused is an honest person or a dishonest one; in fact, in the instant case, under the evidence, the only phase of defendant's character in issue was that for honesty. In all criminal prosecutions the defendant may offer evidence of his good character, and it has been repeatedly held that the better rule is such evidence, when offered, should be directed to the particular traits of character involved in the nature of the charge.

In a most excellent brief prepared by defendant's counsel and filed in this case, a vast number of authorities are cited which sustain this view, and the case of Mitchell v. State, 14 Ala. App. 46, 49, 70 South. 991, cited by them, is directly in point. Under the authority of that case, and cases cited therein, the reversal of the judgment of conviction and a remandment of this cause could well be ordered. This court does not deem it at all necessary to collate and cite the hundreds of decisions in this and other states which hold in so many words that the correctness of the above rule is beyond question.

[2] For the error in sustaining the state's objection to the question propounded to witness Sampson, the judgment of the circuit court is reversed, and the cause is remanded. The insistence of the Attorney General (who concedes that the court erred in its ruling) that it is not shown what would have been the answer of the witness, and therefore this court cannot say that the ruling of the

court, if error, has probably been injurious to defendant, is entirely without merit; the lower court having stated emphatically that he would not permit the defendant to offer proof of his general good character for honesty in the neighborhood or community where he lived or was known. Aside from the patent and manifest intimation of the question itself as to what defendant expected the witness to testify to in response to said question, this declaration of the court rendered unnecessary any such statement upon the part of defendant's counsel.

Reversed and remanded.