(93 South. 209)

## WHEAT v. STATE. (6 Div. 991.)

(Court of Appeals of Alabama. June 6, 1922.)

1. Criminal law ⬳377—Negative evidence as to phase of defendant's character put in evidence admissible.

In a prosecution for making whisky, after defendant had offered testimony that his general character was good, it was competent for witness to testify that he never heard of defendant making whisky.

2. Criminal law ⬳670—Exclusion of evidence prima facie relevant held error, though no proposed answer stated.

Where the question propounded to witness called for evidence prima facie relevant and legal, the refusal to allow it was error, though no proposed answer was stated.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Henry L. Wheat was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. [1] One count in the indictment charged the defendant with making whisky. It was therefore competent, under the ruling in the case of Hussey v. State, 87 Ala. 121, 6 South. 420, for the defendant to show, as he attempted to do by the witness Robertson, after he had offered testimony that his general character was good, that he (Robertson) had never heard of the defendant making any whisky. As is stated in Hussey's Case, supra:

"To say his character is good is a positive expression of the fact. To say that the witness has never heard anything against his character, as to the particular phase in which it is put in issue, is negative in form, but often more satisfactory than evidence of a positive character."

[2] The question propounded to the witness Robertson calling for evidence prima facie relevant and legal, the refusal to allow it was error, although no answer, or proposed answer, of the witness was stated. Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31.

For the error pointed out, the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.