## MOSS v. STATE. (4 Div. 717.)

(Court of Appeals of Alabama. June 13, 1922. Rehearing Denied June 30, 1922.)

Intoxicating liquors ⨪227—Evidence of good character as to having still in possession held admissible in prosecution therefor.

In prosecution for possessing a still for the illegal manufacture of intoxicants, evidence of accused's good character as to possessing a still and. also as to possessing a still for the purpose of such illegal manufacture *held* admissible.

Merritt, J., dissenting.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Walter Moss was convicted of a violation of the prohibition laws, and he appeals. Reversed and remanded.

Certiorari granted, Ex parte State, 209 Ala. 3, 96 South. 450.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The defendant was on trial for possessing or having in possession a still, and any testimony going to show that his character for the offense charged was good was competent.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is not a trait of character to possess or have in possession a still. The specific trait of character involved in this crime was observance of the prohibition laws, and defendant might have proved his general reputation for such observance. 15 Ala. App. 206, 72 South. 762; 12 Cyc. 413; 16 C. J. 582; 4 Mich. Ala. Dig. 149; 76 Ala. 15; 88 Ala. 116, 6 South. 758, 6 L. R. A. 301; 89 Ala. 62, 8 South. 113; 100 Ala. 23, 14 South. 539; 13 Ala. App. 84, 69 South. 341; 103 Miss. 388, 60 South. 334; 197 Ala. 180, 72 South. 401; 157 Mass. 554, 32 N. E. 861.

MERRITT, J. The defendant was convicted under an indictment which charged that he did possess a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, subsequent to December 1, 1919.

There was no error in the ruling of the court in sustaining the demurrers to the pleas in abatement, and in overruling the demurrers to the indictment. Powell v. State, 18 Ala. App. 101, 90 South. 138; Ricketts v. State, 18 Ala. App. 162, 90 South. 137.

The defendant testified that at the time of his arrest the officers making the arrest shot at him 25 or 30 times, and that he then came back to where the officers were; that he was then handcuffed. He was then asked by the officers, "Where is that damn still," and he said he did not have any, whereupon the officer said, "You are a G—— d—— liar; if you don't tell where it is, I will kill you," and that the officer held his pistol to witness' head, and told him to go "where the still is," which he did. The defendant then asked the witness this question, "I will ask you if you were frightened at that time?" The state objected to this question, and then the defendant made known to the court that the witness, if permitted to do so, would testify that at the time he took the officers to the still he was frightened. The court sustained the objection to the question, and to this ruling the defendant excepted. The defendant contends that in this ruling the court committed reversible error, and that under the opinion in the case of Kinsey v. State, 204 Ala. 180, 88 South. 519, and authorities there cited, the witness should have been permitted to answer the question, as tending to throw light on the question as to whether his so-called confession, or rather act in showing the officers the still, was a voluntary and free act, or whether it was occasioned by threats or fear. The holding in the Kinsey Case can have no application to the facts in this case, for the testimony is undisputed here that, following the direction of the defendant, the officers located a still within 30 or 40 yards from the place where this conversation took place; that it was warm where it had just been operated; had a cap, fermenter, 50-gallon barrel, and a flake trough there; that a short distance from the still was found a small quantity of rum or whisky, and a piece of copper pipe or worm. So, conceding that the defendant was frightened, it is the undoubted law in this state that, although confessions are obtained by use of threats, putting in fear, or persuasions, and are not admissible, yet, if the admissions or confessions are attended or followed by extraneous facts corroborating them, such as finding objects where accused stated them to be, so much of the confession as relates to the material facts discovered or corroborated is admissible. Rice v. State, 204 Ala. 104, 85 South. 437; Pressley v. State, 111 Ala. 34, 20 South. 647; Gregg v. State, 106 Ala. 44, 17 South. 321; Banks v. State, 84 Ala. 430, 4 South. 382; Lowe v. State, 88 Ala. 8, 7 South. 97; Murphy v. State, 63 Ala. 1; Brister v. State, 26 Ala. 107.

It therefore is unimportant as to whether the alleged confession was voluntary or involuntary; for, as to other facts than those noted above as being undisputed, they do not come within the scope of the alleged confession.

In view of what is said above, it is also unnecessary to consider the exceptions taken to the oral charge of the court, wherein the

court left to the consideration of the jury the question of the voluntary character vel non of the confession. The court, when all of the evidence had been adduced tending to show the circumstances and facts, under which the alleged confession was made, ruled that the confession was admissible and voluntary, and in so passing primarily—and it would seem exclusively on the admissibility of the testimony in this respect—was in line with the following decisions. Bob v. State, 32 Ala. 560; Redd v. State, 69 Ala. 255; McKinney v. State, 134 Ala. 134, 32 South. 726; Hunt v. State, 135 Ala. 1, 33 South. 329.

In afterwards leaving to the jury to say whether under all the testimony in the case the confession so given by the defendant was voluntary, the court was in accord with the following authorities: Young v. State, 68 Ala. 569; Jackson v. State, 83 Ala. 76, 3 South. 847; Burton v. State, 107 Ala. 108, 18 South. 284; Kinsey v. State, 204 Ala. 180, 85 South. 519.

Be these matters, however, as they may, it is clear to us that in all the rulings of the court as regards the alleged confession, the defendant has not been injuriously affected.

Dave Norton, a witness for the defendant, testified that he knew the defendant's general character in the community in which he lived, and that it was good. He was then asked by the defendant if he knew his general character in the community where he lives for possessing or having in possession a still, and also if he knew "his character in the community where he lives for possessing a still, an apparatus, an appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages." The court sustained the state's objection to each of these questions, after the defendant in each instance stated that, if permitted to answer, the witness would say it was good. In this ruling there was no error. It was wholly irrelevant as to whether the defendant's character was good or bad for "possessing or having in his possession a still," for that it is no violation of the law for one to have in his possession a still, unless it is to be used for the purpose of manufacturing prohibited liquor.

In his affirmative answer to the question, if witness knew the defendant's general good character, the defendant had the full benefit of the presumption that the law accords to a man of general good character, and that is that, being of such a character, he would not commit such a crime as the one with which he was charged. Stout v. State, 15 Ala. App. 206, 72 South. 762. To permit testimony of the kind sought by the question involved here would be to raise such a presumption, on account of particular conduct, that of not having a still in his possession for a certain purpose, thereby trying appellant on his character in this particular respect, rather than on the fact as to whether

under the evidence in the case he was guilty of the particular act charged. The evidence sought is not to show some trait of character involved in the charge against the defendant, which is permissible. See Weeden v. State, 17 Ala. App. 516, 86 South. 130. This was an attempt to prove the defendant's character for the very act for which he was being tried. Neither does the evidence sought fall within that character of testimony called negative testimony, which has been held permissible under the case of Hussey v. State, 87 Ala. 121, 6 South. 420, and authorities there cited.

The evidence was in conflict, and the affirmative charge was rightly refused.

I think the judgment appealed from should be affirmed.

BRICKEN, P. J. (for the majority). This defendant offered and undertook to prove his general good character as directed to the particular trait of character involved in the nature of the charge against him in this prosecution. The court however, declined to let him show his general character in this respect, and thereby committed error. Eminent writers and repeated adjudications all accord to this view. In Underhill on Criminal Evidence (2d Ed.) § 77, it is said:

"In a criminal prosecution evidence of accused's general good character is admissible only when limited to the particular trait involved in the nature of the charge. The traits of character which may be proved must depend upon the nature of the crime alleged and the moral wrong which is involved in its commission."

In 1 Greenleaf on Evidence (16th Ed.) p. 39, it is said:

"The accused may always invoke his good character as tending to disprove his commission, no matter what the grade of the offense, and no matter how strong the evidence against him. The character offered must be as to the specific trait—e. g., honesty, violence, chastity, etc.—involved in the act charged."

In Wigmore on Evidence, vol. 1, it is said:

"A defendant's character, as indicating the probability of his doing or not doing the act charged, is essentially relevant and is admissible upon charges of all grades, even of mere misdemeanors. The limitations on the uses of defendant's character are imposed by the principle of relevancy, and the character or disposition offered must involve the special trait related to the act charged."

In Jones on Evidence (2d Ed.) p. 150, it is said:

"The safest rule is to confine the testimony to reputation as to the particular traits alluded to in the charge."

In 20 L. R. A. 612 (note), many cases are cited, holding that—

"Evidence must be applicable to the trait of character involved."

"Evidence of good character on the part of defendant should apply to the trait of character involved."

In Morgan v. State, 88 Ala. 223, 6 South. 761 (McClellan, J.), it was said:

"The object and effect of such evidence is to disprove guilt, by furnishing a presumption that the defendant would not have committed the offense; and hence the character sought to be proved must be such as would make it un-likely that the party would do the controverted act."

In this case it appears that on the trial the defendant testified in his own behalf, and then proved his character for truth and ver-acity. The court held this was illegal testi-mony, saying:

"If it was offered to generate a doubt of his guilt, or to solve an existing doubt in his favor, it was incompetent, because it did not go to any characteristic or quality which tended to illustrate or shed light on the offense charged."

In Kilgore v. State, 74 Ala. 7, Brickell, C. J., for the court, said:

"In all criminal prosecutions, whether for felony, or for misdemeanor, the previous good character of the accused, having reference and analogy to the subject of the prosecution, is competent and relevant as original testimony."

See Smith v. State, 142 Ala. 14, 26, 29 South. 329; Cauley v. State, 92 Ala. 72, 9 South. 956.

In 1 Mayfield Digest, p. 155, § 10, it is said:

"The object and effect of good character of accused is to disprove guilt by furnishing a presumption that the defendant would not have committed the offense, and the character sought to be proved must be such as would make it unlikely that the party would do the contro-verted act"—citing numerous cases.

In 4 Mich. Ala. Dig. p. 156, § 227:

"In all criminal prosecutions previous good character of the accused having reference and analogy to the subject of the prosecution is competent as original testimony."

In Mitchell v. State, 14 Ala. App. 46, 70 South. 991, it is said that evidence of the good character of the defendant "should be direct-ed to the particular traits of character in-volved in the nature of the charge," citing numerous cases in this and other states.

In Weeden v. State, 17 Ala. App. 516, 86 South. 130, it is said:

"In a prosecution for grand larceny, it was error to refuse to allow defendant * * * to prove his general good character for honesty, * * * since, when proof of good character is offered, it is proper that it be directed to the particular traits of character involved in the nature of the charge."

The rules of evidence permit the defendant to make proof of his general good character, and of his general good character as involved the particular traits of character having ref-erence and analogy to the subject of the pros-ecution, and evidence of good character of the accused should be directed to the partic-ular traits of character involved in the na-ture of the charge for which he is being tried. Of course, as a contra proposition, the state would be allowed to show in rebuttal that his character in these respects was bad.

The majority of this court do not concur in the conclusion reached by MERRITT, J., nor in many of the expressions contained in the opinion he prepared.

For the error pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

BRICKEN, P. J., and SAMFORD, J., con-cur.

MERRITT, J., dissents.

On Rehearing.

PER CURIAM. It appearing that the ends of justice so require, the application for re-hearing is considered by this court and over-ruled. Sharpley v. State, 18 Ala. App. 620, 93 South. 210.