(96 South. 450)

## Ex parte STATE ex rel. Attorney General.

## MOSS v. STATE.

## (4 Div. 15.)

(Supreme Court of Alabama. Nov. 9, 1922.)

Intoxicating liquors ⬅227—Evidence of good character in having still in possession held inadmissible in prosecution therefor.

In prosecution for possessing a still for the illegal manufacture of intoxicants, evidence of accused's good character as to possessing a still and also as to possessing a still for the purpose of such illegal manufacture *held* inadmissible; such evidence being proof, not of reputation as respects a trait of character, but of reputation as respects the noncommission of certain acts.

Certiorari to Court of Appeals.

Walter Moss was convicted of an offense, and appealed to the Court of Appeals; and the judgment of conviction being by that court reversed, and the cause remanded, the State, on the relation of its Attorney General, petitions the Supreme Court for writ of certiorari to the Court of Appeals to review and revise the judgment of reversal therein entered. 96 South. 447. Writ granted. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

Brief of counsel did not reach the Reporter.

Farmer, Merrill & Farmer, of Dothan, opposed.

Brief of counsel did not reach the Reporter.

GARDNER, J. Petition for certiorari by the state to review the ruling of the Court of Appeals reversing the judgment of conviction against one Walter Moss charged with having in his possession, subsequent to December 1, 1919, a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages.

Upon the trial of the cause the witness for the defendant testified that the defendant's general character was good. The witness was then asked by the defendant if he knew defendant's general character in the community where he lived for possessing or having in his possession a still, and also if he knew his character in the community where he lived for possessing a still, an apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages. The state's objection to each of these questions was sustained, and this ruling constitutes the ground upon which rests the reversal of the cause by the Court of Appeals. That court reached this conclusion upon a consideration of the authorities holding in effect that the accused may introduce evidence of his good character as to the particular trait of character involved in the nature of the charge, citing, among other authorities, Underhill on Criminal Evidence (2d Ed.) § 77; 1 Greenleaf on Evidence (16th Ed.) p. 39; 1 Wigmore on Evidence (2d Ed.) p. 150; 20 L. R. A. 612 (note); Weeden v. State, 17 Ala. App. 516, 86 South. 130.

We do not question the general principle involved in these decisions, but we are of the opinion that principle is without application to the instant case. The particular trait of character referred to in these authorities is such as arises from the nature of the charge as illustrated in 1 Greenleaf on Evidence, supra, where the author says:

"The character offered must be as to the specific trait—e. g., honesty, violence, chastity, etc.—involved in the act charged."

It is well understood that evidence of character goes to general repute, and not to particular acts or specified conduct. Hussey v. State, 87 Ala. 132, 6 South. 420; Sexton v. State, 13 Ala. App. 84, 69 South. 341, reviewed by this court in 195 Ala. 697, 70 South. 670.

It has also been held that a defendant may not prove his good character by his own testimony to the effect that he had never been arrested or prosecuted for any violation of law before the arrest on the charge for which he is being prosecuted. Patton v. State, 197 Ala. 180, 72 South. 401. See, also, Stout v. State, 15 Ala. App. 206, 72 South. 762, reviewed by this court in 198 Ala. 695, 73 South. 1002.

The case of Commonwealth v. Nagle, 157 Mass. 554, 32 N. E. 861, bears close analogy to that here under consideration. The accused was charged with selling intoxicating liquors to a minor, and the court declined to permit the defendant to show his reputation in regard to observing the conditions of his license, and particularly as to selling or permitting the sale of intoxicating liquors to minors. The court held that the general rule in regard to permitting evidence as to character concerning the particular trait involved in the charge had little application to penal

acts which were merely mala prohibita, and that the offered evidence was to show that under the license which he held his habit had been to avoid the commission of certain offenses mentioned in the license, not necessarily involving moral wrong, the court saying:

"For the purpose of proving that one has or has not done a particular act, it is not competent to show that he has or has not been in the habit of doing other similar acts."

In Stout v. State, supra, it was held that the specific trait of defendant's character involved was that with reference to the observation of prohibition laws of the state; but the question here involved is reduced to still more narrow margin, and the defendant seeks to establish his general character for the specific act in question—that is, having in his possession a still—and we are of the opinion that this called for evidence of specified conduct, which is not permissible under our decisions. The case from the Supreme Court of Massachusetts of Commonwealth v. Nagle, supra, is, in our opinion, entirely sound, and, if followed, is decisive of the question here involved. We have therefore reached the conclusion that the trial court did not commit reversible error in refusing to permit the defendant to make this proof, and that the Court of Appeals erred in reversing the judgment of conviction upon this ground.

We find that in the dissenting opinion rendered in this cause another question is treated, but this question is not considered in the majority opinion, and, therefore, is given no discussion by the state in its brief. This question therefore is not before us for consideration, and we consequently express no opinion thereon, as it will doubtless be given treatment by the Court of Appeals upon the remandment of the cause to that court.

For the error indicated, the petition for certiorari is granted, the judgment of reversal is set aside, and the cause remanded to the Court of Appeals for further consideration.

Petition granted. Reversed and remanded. All the Justices concur.