### PORTER v. STATE.    (6 Div. 405.)

(Court of Appeals of Alabama.    June 17, 1924.)

**1. Jury 47—Jury properly drawn from division of county of which court has jurisdiction.**

Judge of Bessemer division of circuit court of Jefferson county properly drew jurors from a box containing only names of those jurors residing in such specified territory in a liquor prosecution, in view of Act Aug. 18, 1919 (Loc. Acts 1919, p. 62) dividing Jefferson county into two distinct circuit court districts, and division sitting at Bessemer having exclusive jurisdiction within its specified territory.

**2. Indictment and information 110(31)—Indictment following substantially language of statute held sufficient.**

An indictment in a prosecution for manufacturing prohibited liquors and unlawful possession of a still was sufficient, where each of its two counts followed substantially language of statute defining the offense.

**3. Witnesses 361(1)—Competent to show that witness testifying as to defendant's character had never heard of defendant making liquor.**

Where state's witness testified on cross-examination in liquor prosecution that defendant's general reputation was good, and that he would believe him on oath, unless it was for some connection in making liquor, it was competent for defendant to show that witness had never heard of defendant making liquor.

**4. Intoxicating liquors 238(1)—General affirmative charges for defendant properly refused, where evidence conflicting.**

General affirmative charges for defendant in a liquor prosecution were properly refused, where there was a conflict in evidence and ample evidence to justify a verdict of guilty.

**5. Criminal law 830—Defendant's requested charge omitting word necessary to render it intelligible held properly refused.**

In a liquor prosecution, defendant's requested charge which omitted words necessary to render it intelligible was properly refused.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

J. W. Porter was convicted of violating the prohibition law, and appeals. Reversed and remanded.

The indictment is as follows:

"The grand jury of said county charges that before the finding of this indictment and subsequent to November 30, 1919, J. W. Porter, whose name to the grand jury is otherwise unknown, did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcoholic.

"(2) The grand jury of said county further charges that, before the finding of this indictment and subsequent to November 30, 1919, J. W. Porter whose name to the grand jury is otherwise unknown, did have in his possession a still, apparatus, appliance, or device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the state of Alabama."

Charge 5, refused to defendant, is as follows:

"No. 5. The court charges the jury that, if you find from the evidence, beyond all reasonable doubt the defendant did not aid, operate in the operation of, directly or indirectly, then it is your duty to acquit him."

Pinkney Scott, of Bessemer, for appellant.

There was error in refusal of charges to defendant. Biddle v. State, 19 Ala. App. 563, 99 South. 59; Moon v. State, 19 Ala. App. 176, 95 South. 830; Farmer v. State, 19 Ala. App. 560, 99 South. 59; Guin v. State, 19 Ala. 67, 94 South. 788; Morris v. State, 18 Ala. App. 456, 93 South. 61. Counsel argue other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

There was no error in overruling motion to quash the venire. Hardeman v. State, 19 Ala. App. 563, 99 South. 53. Evidence of a particular trait of character of defendant was inadmissible. 4 Michie's Ala. Dig. 156. Requested charges were properly refused. Hill v. State, 207 Ala. 444, 93 South. 460; Gaston v. State, 161 Ala. 37, 49 South. 876.

FOSTER, J. The indictment charged in the first count the manufacture of prohibited liquors and in the second count the unlawful possession of a still.

The motion to quash the venire was properly overruled.

[1] The effect of the act approved August 18, 1919 (Local Acts 1919, p. 62), was to divide Jefferson county into two separate and distinct circuit court districts, the division sitting at Bessemer having exclusive jurisdiction within its specified territory. The judge of the Bessemer division of the circuit court of Jefferson county properly drew the jurors from a box containing only the names of those jurors residing in such specified territory. Hardeman v. State (Ala. App.) 99 South. 53;[1] Evans v. State, 201 Ala. 693, 79 South. 240; Shell v. State, 2 Ala. App. 207, 56 South. 39.

---

[2] The demurrer to the indictment was properly overruled. Each of the two counts of the indictment followed substantially the language of the statute defining the offense, and was sufficient. Holt v. State, 16 Ala. App. 399, 78 South. 315; Griggs v. State, 18 Ala. App. 467, 93 South. 499.

[3] One Smithson, a witness for the state, testified on cross-examination by the defendant that he knew the general character of the defendant; that he would believe the defendant on oath, unless it was for some connection of the defendant in making liquor; that he would not believe any man under oath where he was connected with making liquor or in the liquor business. Witness said ' defendant's general reputation was good. Under the predicate laid by the witness for character it was competent for the defendant to show that the witness had never heard of the defendant making liquor. In Hussey's Case, 87 Ala. 121, 6 South. 420, the court says:

"To say that the witness has never heard anything against his character, as to the particular phase in which it is put in issue, is negative in form, but often more satisfactory than evidence of a positive character." Wheat v. State, 18 Ala. App. 554, 93 South. 209.

[4] Charges 1, 2, and 3 are the general affirmative charge for the defendant, and were properly refused. There was a conflict in the evidence and ample evidence to justify the verdict of guilty.

[5] Charge 5 omits words, the absence of which renders the charge unintelligible, and for that reason should have been refused.

For the error indicated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

