**YOUNG v. STATE.** (4 Div. 997.)

(Court of Appeals of Alabama. Oct. 7, 1924. Rehearing Denied Nov. 18, 1924.)

1. **Intoxicating liquors** &#8653;227—**Not permissible to prove or disprove offense charged by defendant's reputation as to specific act.**

In liquor prosecution, testimony of witnesses as to defendant's general character, with respect to being a drinking man and engaging in the whisky business, was properly excluded; it not being permissible to prove or disprove offense charged by defendant's reputation as to the specific act.

2. **Criminal law** &#8653;448(3)—**Objection to question calling for testimony of mental cognition of another, properly sustained.**

Objection to question asked defendant's witness in liquor prosecution whether he knew what the feelings between certain parties were was properly sustained as testimony of the mental cognition of another.

3. **Criminal law** &#8653;341—**Personal attitude of person against whom defendant's witness gave adverse testimony held immaterial.**

In liquor prosecution, evidence of the personal attitude or conduct of a person against whom defendant's witness gave adverse testimony, was immaterial.

4. **Criminal law** &#8653;341—**Personal feeling between parties not being tried for offense charged held irrelevant.**

In liquor prosecution, personal feeling between parties not being tried for offense charged was irrelevant.

---

&#8653;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Criminal law ⟳338(1)—Immaterial whether person not being tried for offense charged had any business or did any work.**

In liquor prosecution, it was immaterial whether person who was not being tried for offense charged, but whose connection with it seemed indicated by testimony of defendant's witness, had any business or did any work.

**6. Intoxicating liquors ⟳239(2) — Abstract instructions properly refused.**

Charges in liquor prosecution predicating acquittal upon belief that defendant had no connection with still, other than permitting some one to operate it on his premises, *held* abstract and properly refused.

**7. Criminal law ⟳829(1)—Refusal of charges covered by given charges not error.**

Refusal of charges substantially and fairly covered by given charges is not error.

**8. Intoxicating liquors ⟳139—Defendant need not have actual possession of still or part thereof to sustain conviction for possessing.**

In prosecution for possessing a still, it was unnecessary to a conviction that defendant had actual possession of a still, or a part thereof; it being sufficient if he owned or had dominion or control over it.

**9. Intoxicating liquors ⟳238(1)—Affirmative charge for defendant held properly refused where sufficient evidence to submit question of his guilt.**

Affirmative charge for defendant in liquor prosecution was properly refused where there was sufficient evidence to submit to jury question of his guilt vel non.

**10. Criminal law ⟳1173(3) — Refusal of charges referring to count on which defendant acquitted no ground for complaint.**

Defendant could not complain of refusal of charges referring to count for manufacturing liquor, where he was convicted of possessing a still, and acquitted of charge of manufacturing.

On Rehearing.

**11. Criminal law ⟳1177—That conviction was under one count, while judgment in record showed that it was under another, held immaterial, where evidence sufficient to justify conviction under former count.**

Amendment of judgment in liquor prosecution to show that defendant was convicted for manufacturing liquor, and not for possession of still, as shown by judgment in record, was of no avail, where evidence was ample to justify conviction for manufacturing.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Ernest Young was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Young, 212 Ala. 303, 102 So. 369.

Charges 1, 2, 4, and 11, refused to defendant, predicate an acquittal upon the jury's belief that defendant had no other connection with the still than to permit another to have, possess, locate, or operate the same upon his premises.

Charge 7, refused to defendant, would require an acquittal, if the jury are not reasonably satisfied defendant had actual possession of the still.

Sollie & Sollie, of Ozark, for appellant.

Defendant was erroneously denied the right to show by the witness Carroll defendant's reputation for making or drinking whisky. Wheat v. State, 18 Ala. App. 554, 93 So. 209; Stone v. State, 208 Ala. 50, 93 So. 706; Glover v. State, 200 Ala. 384, 76 So. 300. It was error to sustain objection to defendant's question seeking to elicit the feeling of Alto Thompson toward Yancey Carroll. 4 Michie's Ala. Dig. 134; Davis v. State, 8 Ala. App. 211, 62 So. 382; McDonald v. State, 165 Ala. 85, 51 So. 629; Mason v. State, 153 Ala. 46, 45 So. 472; Tatum v. State, 131 Ala. 32, 31 So. 369; Walker v. State, 165 Ala. 96, 51 So. 357; Scott v. State, 96 Ala. 20, 11 So. 193. Charges 1, 2, 4, and 11 were good, and should have been given. Acts 1919, p. 1086; McKenzie v. State, 19 Ala. App. 319, 97 So. 155. The affirmative charge as to count 2 should have been given. Sparks v. State, 19 Ala. App. 118, 95 So. 558.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The character evidence offered by defendant was inadmissible. Ex parte State, 209 Ala 3, 96 So. 450. A witness may not testify as to the state of mind of another. Spurlock v. State, 17 Ala. App. 109, 82 So. 557. There was no error in refusal of charges. Ex parte State, 210 Ala. 55, 97 So. 426.

FOSTER, J. The indictment contained two counts; the first charged distilling, and the second charged the possession of a still to be used for manufacturing prohibited liquors. The defendant was found guilty as charged in the second count of the indictment.

The defendant on direct examination of defendant's witness Carroll propounded the following question concerning the character of the defendant: "Do you know his general character with respect to being connected with or engaged in or drinking or fooling with whisky in any way?" The court sustained objection by the state to the question, whereupon counsel for defendant changed the question as follows: "Well as distiller then?" The court sustained objection by the state to the question, and defendant reserved an exception to this action of the court. The defendant asked the same witness on direct examination: "Does he bear the reputation

in that community of being a distiller?" to which objection by the state was sustained and exception reserved. Defendant introduced Alf Flowers and other witnesses who testified to the good character of the defendant, and offered to show by the witnesses that they had known the defendant for many years, and that he had never borne the reputation of fooling with whisky or being a drinking man or being engaged in that business. The court sustained the objection of the solicitor to the introduction of the evidence, and the defendant reserved exception to this action of the court. Counsel for appellant earnestly insist that the court erred in not permitting the testimony offered, and cite Wheat v. State, 18 Ala. App. 554, 93 So. 209, and Porter v. State, ante, p. 74, 101 So. 97, in support of their contention.

In Ex parte State ex rel. Attorney General Moss v. State, 209 Ala. 3, 96 So. 450, the defendant was charged with the unlawful possession of a still, a witness for the defendant testified that the character of the defendant was good, and the trial court sustained objection to the question if the witness knew the general character of the defendant for having in his possession a still, and also his character for having in his possession a still to be used for making prohibited liquors. The Supreme Court, after discussing certain decisions holding that the accused may introduce evidence of his good character as to the particular trait of character involved in the nature of the charge, say:

"The defendant seeks to establish his general character for the specific act in question—that is, having in his possession a still—and we are of the opinion that this called for evidence of specified conduct, which is not permissible under our decisions."

In the Hussey Case, 87 Ala. 121, 6 So. 420, upon which the decision in the Wheat Case, 18 Ala. App. 554, 93 So. 209, was based, the accused was charged with murder. Upon the issue of the good character of the accused for peace and quiet, the court held that it was permissible to ask the witness if he had ever heard of the defendant's having any other difficulty except the one in question, as it was equivalent to the inquiry whether the witness had ever heard anything against the character of the defendant, for quiet, peace or good order. The court in the Hussey Case, supra, says:

"Particular acts, whether good or bad, or the reputation of having done them, cannot be shown in proof or rebuttal of good character, on the direct examination, although the rule is often otherwise on cross-examination. Evidence of character goes to general repute, not particular acts, or specified conduct."

In Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L. R. A. 301, McClellan, J., writes:

"The doctrine is too familiar to require support from a citation of texts or adjudged cases, that character, good or bad, can only be established by evidence of general reputation. * * * And a witness to character cannot speak of particular acts, or even the course of conduct of the person inquired about, but is confined to a statement of general reputation in the neighborhood in which he lives."

It is not permissible to prove or disprove the offense charged by reputation of the defendant as to the specific act—the possession of a still—or distilling. There can be no doubt that the reasoning in the Moss Case, supra, is sound and not in conflict with the Hussey Case, supra. The Wheat Case, supra, is in conflict with the holding in the Moss Case, supra, and must be overruled on this point. Our attention has been called to the fact that at the time the character witness was examined in the Porter Case, supra, the defendant had not testified as a witness, and that the evidence was not at that time relevant. This point may be well taken. But as to the question under consideration in the instant case, there is a distinction between the Wheat Case, supra, and the Porter Case, supra. In the Porter Case the witness testified to the good character of the defendant, and, when asked if he would believe the defendant on oath, stated in substance he would not believe any one on oath who made liquor or was mixed up in the liquor business. Witness was then asked if he had ever heard that the defendant made liquor, and answered in the negative. The court held that, under the predicate for character laid by the witness, the evidence was competent. We adhere to this ruling.

[1] The court did not err in sustaining the state's objection to the questions propounded to the witness Carroll, or in refusing to allow the defendant to show by witness Flowers and others that "they had known the defendant for many years, and that he had never borne the reputation of fooling with whisky or being a drinking man or being engaged in that business."

[2] Albert Andrews, a witness for the defendant, testified that he knew Alto Thompson, who had lived on Mr. Carroll's place, and that the can shown him was just like one he saw in the possession of Thompson a year ago Christmas, and that it was about 100 yards back of the house, lying down in a brush heap. At this point defendant's counsel asked the witness: "Do you know what the feelings of that Alto Thompson towards Yancey Carroll are?" Objection to the question was sustained. The defendant offered to show that Alto Thompson was living there on the place in question, and that he had been engaged in the liquor business, and that they had got after him and sent him off, and that he thought Carroll was the one behind it, and for that reason going to give Carroll trouble. A witness may not tes-

tify to the mental cognition of another. Spurloch v. State, 17 Ala. App. 109, 82 So. 557.

[3-5] The court was not in error in its rulings on the evidence offered. Evidence of the personal attitude or conduct of Thompson to the witness Andrews was immaterial to any issue in the case and the trial court properly refused to admit it. Likewise the state of feeling between Carroll and Thompson was irrelevant to any issue in the case. It was immaterial to any issue in the case whether Thompson had any business or did any work.

For convenience we have lettered the given charges A to I, inclusive, and have numbered the refused charges 1 to 15, inclusive, said charges not being numbered in the transcript.

[6] Charges 1, 2, 4, and 11 were abstract, and for that reason, if no other, were properly refused. There was no evidence that the defendant had permitted another to have, possess, or locate the still on the premises. The defendant denied any knowledge of the still being there, denied having ever seen it, denied any connection of any sort with it or ownership or control of, or dominion over it.

[7] Refused charge 3 is substantially and fairly covered by given charge G.

Refused charge 5 is fairly and substantially covered by the oral charge of the court.

Refused charge 6 is covered by given charge B.

[8] Refused charge 7 was faulty. It was not necessary to a conviction that the defendant have the actual possession of the still or parts of a still; it was sufficient if he owned or had dominion or control over it.

[9, 10] Refused charges 8, 9, 10, 12, 13, 14, and 15 (the affirmative charge for the defendant) were properly refused. There was sufficient evidence to submit to the jury the question of guilt vel non of the defendant, and he cannot complain of the refusal of charges referring to count 1, as he was convicted under count 2, and acquitted of the charge contained in count 1.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

### On Rehearing.

[11] The appellant shows by certified copies of the verdict of the jury and the bench notes that he was convicted under count 1 of the indictment, charging the manufacture of prohibited liquors, and not under count 2, charging the possession of a still shown by the judgment in the record. The judgment is not shown to have been amended in the circuit court to conform to the bench notes. However, if the judgment were amended so as to show a conviction of the defendant under the first count, it would avail him nothing. We have carefully read the evidence,

and find that there was ample evidence to justify a conviction under the first count. Glaze v. State, ante, p. 7, 100 So. 629; Ex parte Glaze, 211 Ala. 418, 100 So. 630.

Refused charges 1, 2, 3, 4, 5, 6, 7, 11, 12 relate to count 2, charging the possession of a still. These charges were discussed in the original opinion.

Refused charge 13 is the affirmative charge for the defendant under count 1 of the indictment.

Refused charges 8, 9, 10, 14, and 15 are the affirmative charges for the defendant.

As there was ample evidence to justify a conviction under both counts of the indictment, the court will not be put in error for refusing the general affirmative charge for the defendant.

To grant the writ of certiorari, as prayed for would not benefit the defendant, as a judgment of conviction under either count must be affirmed. The writ is denied, and the application for rehearing overruled.

Application overruled.