(104 So. 870)

## LYNN v. STATE. (6 Div. 757.)

(Court of Appeals of Alabama. May 26, 1925. Rehearing Denied June 30, 1925.)

**I. Criminal law ⬳380—Proper inquiry in establishing character of party is as to his general character and not as to specific acts.**

Proper inquiry in establishing character of a party is as to his general character and not as to specific acts.

**2. Criminal law ⬳380—Negative evidence as to particular phase of accused's character properly put in issue does not include practice or habit of violating prohibition law.**

The negative evidence as to the particular phase in which character of accused is properly put in issue is confined to specific traits, such

as honesty, violence, chastity, etc., involved in the charge, and does not include a practice or habit of violating the prohibition law.

**3. Intoxicating liquors ⬳227—Court's exclusion of answer to question whether witness knew whether accused drank whisky held proper.**

In prosecution for violation of the prohibition law, court's exclusion of witness' answer to question whether he, witness, knew whether accused drank whisky *held* proper.

**4. Intoxicating liquors ⬳227—Court's exclusion of witness' response to question whether he knew accused's character for violating prohibition law held proper.**

In prosecution for violation of prohibition law, court's exclusion of witness' response to question, whether he knew accused's character "up there for violating the prohibition law" *held* proper.

**5. Criminal law ⬳789(9)—Charge telling jury what constituted conviction by them beyond a reasonable doubt authorizing conviction of accused held proper.**

A charge to the jury that, if, after considering all the evidence in the case, they have an abiding conviction of the truth of the charge, then they are convinced beyond a reasonable doubt, and that it is their duty to convict accused, *held* proper.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

O. B. Lynn was convicted of violating the prohibition law, and he appeals. Affirmed.

On examination of defendant's witness Sexton, he was asked these questions with reference to the defendant:

"Do you know whether or not he drinks whisky?"

"You know Mr. Lynn's character up there for violating the prohibition law?"

The state's objections were sustained to each of these questions.

This charge was given at the request of the state:

"The court charges the jury that, if, after considering all the evidence in this case, you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt, and it is your duty to convict the defendant."

Windham & Holliman, of Birmingham, for appellant.

Counsel argue questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1-5] The proper inquiry in establishing the character of a party is as to his general character and not as to

---

specific acts. Vaughn v. State, 17 Ala. App. 35, 81 So. 417. It seems, however, that, after evidence has been introduced as to general character, either good or bad, negative evidence as to the particular phase in which character is put in issue is admissible. Wheat v. State, 18 Ala. App. 554, 93 So. 209; Hussey v. State, 87 Ala. 121, 6 So. 420. But such evidence is confined to specific traits, such as honesty, violence, chastity, etc., involved in the charge, and by a decision of the Supreme Court of this state does not include a practice or habit of violating the prohibition law. So, although a man may have established himself in a community as a notorious "bootlegger," his character for such could not be proven. Ex parte State ex rel., etc., Moss, 209 Ala. 3, 96 So. 450. The court did not err in its various rulings on the admissibility of evidence touching this phase of the case.

The charge given by the court at the request of the state correctly states the law, and its giving does not constitute error.

We find no error in the record, and the judgment is affirmed.

Affirmed.