BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for molesting a male child under sixteen years of *551 age. He was convicted by a jury, and sentenced by the trial court to five years imprisonment in the penitentiary.
The sufficiency of the indictment was not challenged. It charges the nature of the molestation and its appeal to the carnal nature of the victim and the defendant. It is unnecessary to set out the allegations here verba, but suffice it is that the allegations are sufficient to have informed defendant of the nature of the charge.
It appears from the evidence that defendant, at the time of the alleged molestation on Sunday, March 5, 1978, was a white male, 35 years of age and was an experienced teacher at a public school in Webb, Houston County, Alabama. He also was an athletic coach and came in contact with school children in his profession. There is no evidence that he had any criminal record of any kind, and for aught appearing by a plurality of credible witnesses, who testified for defendant, he enjoyed a good reputation as a person of good character. But the jury saw fit to believe the evidence of the alleged victim and returned a verdict of guilty.
It appears in the evidence that the alleged victim was mentally retarded; that he spent two years in the first grade, and at the age of 9 years, when the alleged incident occurred, was in the second grade. He was physically alright, but as we stated was mentally slow.
It further appears that defendant paid much attention to children and seemed to have a personality that appealed to them.
It also appears that the victim wanted to help defendant wash his motor vehicle (a van) and that defendant called the victim’s home on Sunday morning, March 5, 1978, and obtained his mother’s and grandmother’s permission to take the child to his “trailer” home. This was done as planned. It was there that the alleged molestation occurred.
The nature of the alleged molestation was oral sex with the child’s male organ.
It seems that the act took place in the morning part of the day, as we recall, and at noon, after eating, appellant and the child went to a movie. After the movie he took the child to his home. It was there that the child made complaint to his grandmother. The child was then taken to an emergency room of a hospital where he was examined by a physician on emergency duty. The child, after the examination, was allowed to go home.
The victim testified in court, over the objection of defendant, as to what happened. The objection was based on defendant’s contention that the witness was mentally incapacitated to understand the nature of an oath and was therefore incompetent to testify.
The trial court excluded the jury and heard a voir dire examination of the witnesses with respect to victim’s competency. The questions propounded to him were calculated to reflect his mental capacity to understand the nature and binding effect of an oath. Suffice it is that the court on conclusion of the examination allowed him to testify.
Whether or not the court was in error in its ruling that the child was competent is here presented for consideration.
The responsibility of determining the child’s mental capacity to be a witness is addressed by statute to the trial court. Code of Alabama 1975, 12-21-165; Code of Alabama 1940, Title 7, Section 440, we quote:
“(a) Persons who have not the use of reason, such as idiots, lunatics during lunacy and children who do not understand the nature of an oath, are incompetent witnesses.
“(b) The court must, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, insanity, drunkenness or infancy.”
See also, Hutcherson v. State, 40 Ala.App. 77, 108 So.2d 177(3); Kendrick v. State, 52 Ala.App. 230, 291 So.2d 165.
We are unwilling to hold that the trial court abused its discretion in permitting the child to testify. Kendrick, supra.
*552 A second contention of error asserts that the trial court erred in allowing the state’s attorney to lead the witness on direct examination.
As said in McElroy’s Alabama Evidence, 3rd Ed. # 121.05(8):
“A child should, as far as possible, be permitted to tell, in his own language, what he saw and heard before resort is made to leading questions. It is, however, within the discretion of the trial court to permit leading questions asked of an immature witness on direct examination by the party who called him.”
Also see Peeples v. State, 50 Ala.App. 626, 282 So.2d 65(1).
We also are unwilling to hold that the trial court committed prejudicial error in permitting the leading questions.
A third contention of error is that the court erred in overruling defendant’s motion, made at the conclusion of the state’s evidence, to exclude the state’s evidence.
There was positive evidence offered by the state of the molestation as charged in the indictment, but perhaps weakened by the state’s medical witness that the swelling and abrasions appearing on the child’s penis were caused by masturbation. Also the prosecution was somewhat weakened by the plurality of character witnesses testifying as to the defendant’s good character. There was no motion for a new trial that presented any issue to here or below.
The court’s denial of the motion to exclude was not error. The conflicts of evidence were addressed to the resolution of the jury.
The defendant, by a fourth contention of error, asserts error in not letting him introduce the testimony of minor witnesses as to his habit and custom of entertaining children at his residence, and by inquiring as to his activities of these children while with the defendant.
The good character of defendant cannot be proven by specific acts of merit. Scott v. State, 211 Ala. 270, 100 So. 211(7).
Neither can the defendant prove his own good reputation for associating with other children and not abusing them. Moss v. State, 209 Ala. 3, 96 So. 450; Singley v. State, 256 Ala. 56, 53 So.2d 729(3, 4); Lynn v. State, 21 Ala.App. 29, 104 So. 870. McElroy’s Alabama Evidence, 27.01(3).
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.