McMILLAN, Judge.
The appellant was convicted of selling cocaine, in violation of § 20-2-70, Code of Alabama (1975). He was sentenced to ten years’ imprisonment.
The appellant argues that he was prejudiced by the State’s allegedly improper cross-examination of his wife. The appellant introduced the testimony of three witnesses concerning his good general reputation in the community. Thereafter, his wife testified that neither of the two men which the State alleged to have been part of the sale were present in her trailer on the day in question. Both the State and defense counsel acknowledged that the appellant’s wife was not a character witness. She made no statements concerning the appellant’s character or reputation. On cross-examination of the appellant’s wife, the following transpired:
“Q: On about November 13th of this year where was your husband?
“A: November 13th?
“Q: A week ago this past Friday.
“A: He was at home — November 13th? He was at home till the sheriff came and picked him up — no—this past — ?
“Q: Did you ever come to this court and make any representation about where your husband was?
“A: Yes, sir.
“Q: And where did you say he was? “A: In Decator, Georgia at the rehabilitation center at the V.A.
“Q: What type of—
“[DEFENSE COUNSEL]: (Interposing) We object to this, your Honor, it is irrelevant.
“THE COURT: Cross-examination, overruled.
“Q: What type rehabilitation center— “[DEFENSE COUNSEL]: (Interposing) Your Honor, may we approach the bench? I think this is going to be highly prejudicial and has no bearing on any issues in this case, and I would like to be heard on the record.
“THE COURT: Approach the bench.
“(Thereupon, the following proceedings were had at the bench out of the hearing of the jurors.)
“[DEFENSE COUNSEL]: Your Hon- or, I expect the district attorney to offer some evidence that Mr. Henry has been in a rehabilitation center of the Y.A. for some kind of alcohol or drug addiction, and I don’t feel that whether or not he has been in the V.A. for alcohol or drug addiction after the event in question — in question in this case, which is what it would be, has any bearing on whether or hot he sold cocaine on the date and time charged in the indictment. I think that it is so prejudicial that — she is not a character witness, and I don’t think that — that he should be given that type of latitude. It is so prejudicial as to deny him a fair trial.
“[PROSECUTOR]: They have come in here with some very fine people. He has been talking about what a great character he has, a good reputation, and if he has got a drug addiction problem they need to know to have a bearing on whether he was selling cocaine or involved in cocaine.
“THE COURT: Overrule the objection.”
“[The defense counsel continued to make objections.]
“Q: What type of rehabilitation center is
this?
“A: What type is it?
“Q: Was he a patient?
“A: Yes.
“Q: And what was he there for? Treatment for what?
“A: They was giving him rehabilitation.
“Q: From what?
“A: Drugs.”
The prosecutor’s cross-examination concerning the appellant’s rehabilitation for addiction was improper. Although the State argues that this questioning went to refute the wife’s testimony that the drug sale did not occur on the date in question, such is clearly not the case. The prosecutor’s cross-examination placed the appellant’s drug addiction before the jury and *694 was an attempt to rebut the previous character testimony.
“One of the cardinal principles of the common law is that a person’s character, good or bad, offered for the purpose of showing his conduct on a specified occasion, is not provable by evidence of his specific acts or course of conduct. The policy behind this rule is that the reception of such evidence would result in an intolerable confusion of the issues.”
“The most commonly applied form of the above principle is found in the rule that the criminally accused may not prove his good character, as tending to show that he did not commit the crime in question, by showing prior specific good acts. It is, of course, the right of the accused to introduce his good character but only by means of general reputation. Once the accused introduces evidence of his good character, the door is opened for the prosecution to rebut with proof of his bad character. However, the prosecution may not prove the accused’s bad character by showing prior specific acts. The prosecution, like the accused, is relegated to proving character via general reputation.
[[Image here]]
“Specific acts of good conduct by a witness are not admissible for the purpose of proving his good character. It may not be proven, for example, that the witness was a member of the church.
“Specific acts of bad conduct by a witness are not admissible for the purpose of proving his bad character.”
C. Gamble, McElroy’s Alabama Evidence (3d ed. 1977), § 26.01(1) (footnotes omitted). (Emphasis added.)
Furthermore, as defense counsel indicated in his objections, the evidence concerning the rehabilitation was improper character evidence because he did not enter the rehabilitation center until after the offense.
“The prosecution, when proving the accused’s bad general reputation as a whole or with respect to a specific ger-maine trait, must limit evidence of the accused’s bad reputation to the time of or to a time prior to the alleged crime. This means that the prosecution may not prove the accused’s bad general reputation as of the time of the trial.”
C. Gamble, McElroy’s Alabama Evidence (3d ed. 1977), § 27.02(4).
The prosecutor’s questions on cross-examination were not made permissible under the exception which allows the State to introduce testimony of the accused’s prior specific bad acts as a test of a character witness’s credibility. C. Gamble, McEl-roy’s Alabama Evidence, § 27.01(5). Neither was the appellant’s rehabilitation a prior bad act, nor was the appellant’s wife a character witness. Because of the nature of this case, we cannot find that the testimony as to the appellant’s drug addiction was harmless error. Therefore this cause is due to be reversed and remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.