TAYLOR, Judge.
The appellant, David L. Abney, was convicted of first degree rape, a violation of section 13A-6-61, Code of Alabama 1975, and first degree sodomy, a violation of section 13A-6-63, Code of Alabama 1975. The appellant’s first trial resulted in a mistrial because the jury was deadlocked. This appeal is from the appellant’s second trial and conviction, after which the appellant was sentenced to 2 terms of 15 years in prison, those terms to run concurrently.
The state’s evidence at trial tended to show that the appellant was the stepfather of the victim, a nine-year-old child. The victim testified that the appellant touched her private parts with his private part and placed his private part inside her. She further testified that during this incident she bled from her private part and that the appellant “... said that if I told anybody he would cut mine and my mom’s throat.” The victim also testified that the appellant put his private part in her “butt.”
Dr. Kristi Mulchahey testified that she was employed as a pediatric gynecologist and as a faculty member at the University of Alabama at Birmingham School of Medicine. Dr. Mulchahey testified that she had examined the victim for possible sexual abuse and found that the victim “had one of the most abnormal exams I have seen. Her anal exam was very abnormal.” Dr. Mulchahey also testified that the victim’s abnormalities were very specific in indicating sexual abuse.
The victim’s Uncle, Terry Davis, testified that while the victim was hospitalized she told him that the appellant and Gil Davis had sexually assaulted and sexually abused her. Davis testified that the victim pointed to her private parts and told him that the appellant and Gil Davis, the victim’s grandmother’s boyfriend, had put their private parts in her “private parts and rear-end.”
The appellant raises three issues on appeal.
I
The appellant first contends that both indictments against him were defective in that they failed to apprise him of the nature of the charges against him with sufficient particularity to allow him to prepare his defense. Specifically, the appellant contends that the indictments were defective because no date of the offenses was stated in the indictments.
*997 The two indictments in the instant case read as follows:
“The grand jury of said county charge that, before the finding of this indictment, David L. Abney, whose name is to the grand jury otherwise unknown, a male, did engage in sexual intercourse with M.D., a female, who was less than twelve years of age, he, the said David L. Abney being sixteen years or older, in violation of Section 13A-6-61 of the Alabama Criminal Code.”
[[Image here]]
“The grand jury of said county charge that, before the finding of this indictment, David L. Abney, whose name is to the grand jury otherwise unknown, did engage in deviate sexual intercourse with M.D., who was less than twelve years of age, he, the said David L. Abney being sixteen years old or older, in violation of Section 13A-6-63 of the Alabama Criminal Code.” (Emphasis added.)
Section 15-8-30, Code of Alabama 1975, provides as follows:
“It is not necessary to state the precise time at which an offense was committed in an indictment; but it may be alleged to have been committed on any day before the finding of the indictment, or generally before the finding of the indictment, unless time is a material ingredient of the offense.” (Emphasis added.)
This section clearly contemplates that specific dates of an offense may be unknown when an indictment is returned. Thus, the statement of time is satisfied when the indictment alleges that the acts for which the indictment has been returned were committed before the finding of the indictment. Section 15-8-30, Code of Alabama 1975. Clearly the indictment in this case met the requirement set out in Section 15-8-30, Code of Alabama 1975.
Further, the appellant’s counsel made a motion for a more definite statement and a motion to dismiss. During the hearing on these motions, the prosecutor advised the appellant that “... the Christmas of 1988 [is] the incident for which this warrant was issued.”
The appellant now contends that there was a variance between the date the prosecutor mentioned at the motion hearing and the actual proof at trial. We disagree. The victim testified as follows regarding the period during which the assaults occurred:
“[Prosecutor] — Do you know whether it was in the winter or the summer?
“[Victim] — Winter.
“[Prosecutor] — The winter time. Were you in school during that period of time?
“[Victim] — Yes.
“[Prosecutor] — Where did you go to school then?
“[Victim] — Tarrant Elementary.
“[Prosecutor] — Tarrant Elementary, okay. Could you tell the ladies and gentlemen whether it was around Christmas or Easter or Thanksgiving?
“[Victim] — Christmas.
“[Prosecutor] — Christmas. How do you know that?
“[Victim] — I don’t know.
“[Prosecutor] — You just think it was Christmas?
“[Victim] — Yes.”
There was evidence presented through the testimony of the victim from which the jury could be convinced that the acts of rape and sodomy were committed against the child during the period stated by the prosecutor at the motion hearing.
Furthermore, we note that this was the second trial of the appellant on these two charges. As stated earlier, the first ended in a mistrial. In noting this fact, we concur with the state’s contention that this appellant not only had knowledge of the date during which the acts of sodomy and rape were alleged to have occurred, but also knew fully the state’s entire case, which had already been presented during the first trial. No error occurred here.
II
The appellant next contends that the trial court abused its discretion by not allowing *998 testimony which would have shown that the appellant had a normal sexual relationship with his wife; that he had never attempted to have sexual contact with minors in his mother’s house; and that the maternal grandmother’s boyfriend, who was not charged with an offense, had, in the past, attempted to assault minor females.
By attempting to show his normal sexual relationship with his wife and attempting to show that he had not attempted to molest, rape, or sodomize other children, the appellant was attempting to show past “good conduct” on his part. It is well established in this state that “specific good acts are not admissible to show that an accused’s conduct conformed to such good acts at [the] time of [a] criminal offense.” Salter v. State, 527 So.2d 791, 793 (Ala.Cr.App.1988). See also, Henry v. State, 533 So.2d 692 (Ala.Cr.App.1988); Terry v. State, 447 So.2d 1322 (Ala.Cr.App.1984); Morgan v. State, 440 So.2d 1240 (Ala.Cr.App.1983).
Further, we held in Myers v. State, 367 So.2d 550 (Ala.Cr.App.), writ denied, 367 So.2d 552 (Ala.1979):
“The good character of defendant cannot be proven by specific acts of merit. Scott v. State, 211 Ala. 270, 100 So. 211(7).
“Neither can the defendant prove his own good reputation for associating with other children and not abusing them. Moss v. State, 209 Ala. 3, 96 So. 450; Singley v. State, 256 Ala. 56, 53 So.2d 729(3, 4); Lynn v. State, 21 Ala.App. 29, 104 So. 870. McElroy’s Alabama Evidence, 27.01(3).”
Myers, 367 So.2d at 552.
The appellant contends that, by attempting to solicit testimony that the grandmother’s boyfriend had attempted to molest children in the past, he was attempting to show that the boyfriend had committed the acts upon the victim in this case. This Court held in Chesson v. State, 435 So.2d 177, 180 (Ala.Cr.App.1983), that “[a]n accused cannot prove the character of another for the purpose of showing that such other, rather than the appellant, committed the crime charged. McAdams v. State, 378 So.2d 1197 (Ala.Cr.App.1979).” Therefore, the trial court did not err in sustaining the prosecutor’s objections to the above-stated evidence.
Ill
The appellant last contends that it was error for the trial court to allow the prosecutor to make certain statements during closing arguments over the objection of defense counsel during closing arguments. The complained of portion of the prosecutor’s statements is as follows:
“I’m afraid what has happened, folks, is that M.D. has been in a family situation where she’s been passed around like some pet from—between these two men. And I don’t know whether there’s any collusion between them. I can't prove that there is. But it would appear that that is the case.”
The evidence at trial tended to show that the victim was abused by both David Ab-ney, the victim’s stepfather and by Gil Davis. The victim testified to this fact on direct examination. Terry Davis testified during direct examination that the victim, while in the hospital, had told him that Gil Davis and the appellant had abused and molested her. Linda Abney, mother of the victim, testified that the victim told her that Gil Davis and the appellant had sexually abused her.
As is clear from the testimony at trial, there was ample evidence that both men engaged in sexual activity with the child. Not only were the statements true, but the appellant has not demonstrated any prejudice to him which resulted from the complained of comments by the prosecutor.
This court has recently held in Bankhead v. State, 585 So.2d 97, 106 (Ala.Cr.App.1989), remanded on other grounds, Ex parte Bankhead, 585 So.2d 112 (Ala.1991), that “[i]n reviewing allegedly improper prosecutorial comments, conduct, and questioning of witnesses, the task of this court is to consider their impact in the contest of the particular trial, and not to view the allegedly improper acts in the abstract.” No error occurred here.
*999 For the foregoing reasons, this case is due to be affirmed.
AFFIRMED
All the Judges concur.