COMMONWEALTH *vs.* JOHN NAGLE.

Franklin.   November 29, 1892. — January 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Intoxicating Liquors — Sale to Minor — Evidence of Reputation.*

On a complaint for selling intoxicating liquor to a minor the defendant offered to show, not that he was of good general reputation, or that he had the reputation of possessing natural qualities of mind or traits of character which would be likely to restrain him from the commission of the particular offence with which he was charged, but merely that, under a license which, so far as appears, he had held less than a year, his habit had been to avoid the commission of certain offences mentioned in the license, not necessarily involving moral wrong. *Held*, that the evidence was rightly excluded.

COMPLAINT for selling intoxicating liquor to a minor.  At the trial in the Superior Court, before *Thompson*, J., the jury returned a verdict of guilty, and the defendant alleged exceptions, the material portion of which appears in the opinion.

*F. L. Greene*, for the defendant.

*J. A. Aiken*, District Attorney, for the Commonwealth.

KNOWLTON, J.   The only exceptions argued are to the refusal of the court to permit the defendant to show his reputation in regard " to observing the conditions of his license, and particularly as to selling or permitting the sale of intoxicating liquors to minors, and also to show the reputation of his saloon in regard to the same matter."

Ordinarily, the defendant in a criminal case may put in evidence his general good reputation in regard to the elements of character involved in the commission of the crime charged against him, for the purpose of establishing the improbability of his having done the wrong imputed to him.   A man of good character is unlikely to be guilty of a crime involving moral turpitude, and reputation is the index of character.   This rule

has little or no application to penal acts which have no moral quality, but are merely *mala prohibita*. That one is of good reputation as an honest, peaceable citizen has little tendency to show that he has not violated a statute or ordinance forbidding him to catch trout out of season, or to drive certain vehicles faster than a walk, or requiring him to keep the sidewalks abutting on his premises free from snow and ice. The sale of intoxicating liquor to minors is strictly forbidden by the statute, but it does not necessarily involve any moral turpitude.

Except for the prohihition of the law, it is no more wrong for a licensed dealer to sell intoxicating liquors to one who is a day less than twenty-one years of age than to one who is a day more; but on grounds of public policy a general rule is laid down which forbids the sale of intoxicating liquors to the younger of the two under any circumstances, either for his own use or for that of another person. Pub. Sts. c. 100, § 9. The crime is committed as well when the seller is ignorant that the purchaser has not attained his majority as when he knows it. *Commonwealth* v. *Julius*, 143 Mass. 132. *Commonwealth* v. *Hayes*, 150 Mass. 506. *Commonwealth* v. *Stevens*, 155 Mass. 291.

In the present case, the offer was not to show that the defendant was of good general reputation, or that he had the reputation of possessing natural qualities of mind or traits of character which would be likely to restrain him from the commission of the particular offence with which he was charged, but merely that under a license which, so far as appears, he had held less than a year, his habit had been to avoid the commission of certain offences mentioned in the license, not necessarily involving moral wrong. For the purpose of proving that one has or has not done a particular act, it is not competent to show that he has or has not been in the habit of doing other similar acts. If the testimony had been received, it would have gone no further than to establish the existence of a not very long course of conduct on the part of the defendant in regard to one subject; not to show his character or reputation in regard to his willingness or unwillingness to commit crimes generally, or to commit a class of crimes involving any particular immoral or wrongful tendency. We are of opinion that the evidence was rightly excluded.

*Exceptions overruled.*