[Criminal No. 92.   Filed January 26, 1894.]

[36 Pac. 205.]

UNITED STATES OF AMERICA, Plaintiff and Respondent, v. CHUNG SING, Defendant and Appellant.

1. CRIMINAL LAW—GENERAL REPUTATION—EVIDENCE—LIMITED TO TRAIT
   INVOLVED IN THE CHARGE.—In a trial for disposing of ardent spirits
   to an Indian, objections to questions as to the reputation of de-

fendant being a law-abiding citizen are properly sustained, the questions propounded not having been put in form to secure answers to defendant's general reputation in the trait involved in the charge against him.

HAWKINS, J., dissenting.

2. APPEAL AND ERROR—CONFLICT IN EVIDENCE.—Where there is sufficient evidence to sustain a verdict, this court will not grant a new trial, though the evidence be conflicting.

3. CRIMINAL LAW—CHARGE TO JURY—APPEAL AND ERROR—RECORD—NO DUTY TO CHARGE UNLESS REQUESTED—REV. STATS. ARIZ. 1887, PENAL CODE, PARS. 1677, 1679, CITED.—Where the record is silent on the subject of charge to the jury, except that it contains a paper entitled in the cause, being in the form of a charge, but which was not placed in the record in any way, it cannot be considered. As the law does not make it the duty of the court to charge the jury unless requested as provided in paragraphs 1677 and 1679, *supra,* the court did not err in refusing to grant a new trial for errors in charging the jury.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Affirmed.

The facts are stated in the opinion.

Bethune & McCabe, H. N. Alexander, and J. B. Woodward, for Appellant.

E. E. Ellinwood, United States District Attorney, for Respondent.

ROUSE, J.—Appellant was indicted, tried, and convicted of the crime of disposing of ardent spirits to an Indian under the charge of an Indian agent, in violation of section 2139 of the Revised Statutes of the United States. Appellant made a motion for a new trial on the following grounds, viz.: "1. Because the court erred in admitting and rejecting evidence; 2. Because the court erred in charging the jury; 3. Because the evidence does not sustain the verdict of the jury." The motion for a new trial was overruled, and appellant was sentenced to imprisonment. On the trial, after the testimony for the prosecution was closed, defendant offered himself as a witness, and at the close of his testimony one J. B. McNeil was called as a witness on his behalf, and the following ques-

tions were asked him, viz.: "Question. Do you know the reputation of Chung Sing in the community in which he lives?— Answer. I do.—Q. What is that reputation, as to his being a law-abiding citizen? Is it good or bad?" The questions were objected to by the counsel for the government, and the court sustained the objections, and of that ruling the appellant complains. Counsel for appellant contends that the court erred in refusing to allow the witness to answer the questions. The United States attorney, to the contrary, insists that the ruling was correct, for the reasons: 1. That evidence of the character of the accused can only be offered by him in cases where a guilty knowledge or criminal intention is of the essence of the offense,—that is, in cases which are *mala in se,* and not in those which are *mala prohibita;* 2. That the questions called for defendant's character in general, and not for the trait involved in the case; and 3. That the questions did not call for the general reputation of the accused. In a criminal prosecution the law at the outset clothes the defendant with the presumption of innocence. We cannot attach too much importance to this principle. It is a cardinal point, to be ever kept in view, and, if followed, it is hardly possible for the stings of passion, prejudice, and suspicion to furnish a victim for judicial condemnation. When the proof adduced by the prosecution tends to overthrow the presumption of innocence of the accused, and to fix upon him the perpetration of the crime, he is permitted to support the original presumption of innocence by proof of the fact that his personal character in the trait involved in the charge has previously been good. The proof of good character is in aid of the general presumption of innocence, and is a fact to be considered by the triers in their deliberations, along with the original presumption itself, and with all the other facts and circumstances in evidence. *People* v. *Ashe,* 44 Cal. 288; 1 Bishop on Criminal Procedure, sec. 488; 2 Russell on Crimes, 704. Good character is a fact that the accused may offer in his defense, but, in order that it may be admissible, it must be character in the trait involved in the charge. That is, if the charge be adultery, a character for chastity may be proven; if for larceny, character for honesty may be offered as a defense, etc. *Commonwealth* v. *Nagle,* 157 Mass. 554, 32 N. E. 861; *People* v. *Ashe,* 44 Cal. 288. The character that may be introduced

in evidence is the general reputation of the accused, and the questions must be framed so as to secure answers as to the general reputation of the accused in the trait involved in the charge. The questions propounded to the witness not having been put in form to secure answers as to defendant's general reputation in the trait involved in the charge against him, the court properly sustained the objections thereto.

As to the error complained of, "that the evidence does not sustain the verdict of the jury," we have to state that the evidence on the trial was conflicting. The jury could have found a verdict either way on the evidence. The court that tries a case has the right to set aside a verdict of guilty, and to grant a new trial, when, in its judgment, the verdict is against the evidence. That power is not limited to cases where the weight of the testimony is to be considered, but is an inherent power, which may be exercised by the trial court; and that right cannot be questioned by an appellate tribunal. If, therefore, a trial court refuses to set aside a verdict and grant a new trial on the grounds that the verdict is not sustained by the evidence, its ruling will not be disturbed by an appellate tribunal if the record shows there was evidence to support a verdict. The trial court, on a trial, can observe the manner of the witnesses, and can judge of the weight of their testimony, which cannot be done by an appellate tribunal, which has not the witnesses before it. We cannot disturb the judgment for that ground.

The last point urged for a reversal of the case is for errors of the court in charging the jury. Either party in a criminal action may ask that special instructions be given. The court must indorse upon each instruction the word "Given" or "Refused," and under said word the judge must sign his name, etc. Pen. Code 1887, par. 1677. The court, in addition to the special instruction above mentioned, may charge the jury, stating to them all such matters of law as it may think necessary for their information in giving their verdict. The charges of the court to the jury shall be in writing, signed by the judge, and filed with the papers in the case, unless the defendant consent in open court for the charges to be given verbally, or unless a phonographic reporter be in attendance upon the trial, and shall take down in shorthand the charges. Pen. Code 1887, par. 1679. An examination of the record in this

case discloses the fact that no written charges were given or asked by either party; further, that the defendant did not consent in open court for the charges to be given verbally. In other words, the record is silent on the subject of charges, and from it we do not know that any charges were given in any manner.  We find among the papers on appeal, but not referred to in the record, and not indorsed by the trial judge or the clerk of the district court, a paper which was sent up to this court by the clerk of the district court in obedience to an order of this court on suggestion of a diminution of the record, being in the form of a charge of the court to the jury in a case entitled as the case before us is entitled, and which, no doubt, contained the charges of the court on the trial of this case, taken down by a stenographic reporter, and written out by him, as required by paragraph 1679, *supra.* Said paper was not placed in the record of this case in any way, and cannot be considered in the case.  As we cannot consider said paper, and as the law of this territory does not make it the duty of the court to charge the jury unless requested to do so in the manner heretofore mentioned, the court did not err in refusing to grant a new trial on the ground last mentioned and urged by appellant.  We are of opinion that the judgment should be affirmed, and it is so ordered.

Sloan, J., concurs.

HAWKINS, J.—I concur in the judgment.  The court properly sustained the objection to the question asked as to the reputation of the defendant, for the reason that such evidence is only admissible as to the general reputation.  I, however, do not agree with the expression in the opinion that, "in order that it [evidence of good character] may be admissible, it must be character in the trait involved in the charge." It should not be limited to such trait.  It is a character of evidence of which any man charged with crime has a right to avail himself.  A party charged with selling liquor to Indians would have the undoubted right to prove his general reputation as a good and law-abiding citizen, and let that fact go to the jury together with all the other evidence in the case.  Evidence of a previous good character is relevant in all criminal cases to the question of guilty or not guilty, and

is to be considered by the jury with the other facts in the case. 1 Bishop on Criminal Procedure, 3d ed., par. 1114; *People* v. *Shepardson,* 49 Cal. 629. Such evidence as to character is permitted a wider range than being confined to the particular trait of character which the indictment impugns. 1 Bishop on Criminal Procedure, par. 1113.