(76 South. 300)

GLOVER v. STATE. (8 Div. 14.)

(Supreme Court of Alabama. June 14, 1917.)

1. HOMICIDE �köm158(3)—EVIDENCE—THREATS.

Defendant's statements, constituting a clear declaration of readiness for a combat with some definite, though unnamed, person ("the other fellow"), in which deadly weapons would be used, are admissible in connection with evidence that he had a difficulty with deceased, for which he harbored ill will, and that a few minutes after the statements he sought a difficulty with deceased, in which he used the weapon to which his statements referred, making it a question for the jury whether the threat to be implied therefrom was intended for or directed against deceased.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 295.]

2. CRIMINAL LAW ⊙670—RECEPTION OF EVIDENCE—NECESSITY OF OFFER.

To put the court in error in sustaining objection to testimony for defendant, in homicide, that deceased was in the habit of carrying a pistol, admissible for the limited purpose only of showing the reasonableness of defendant's interpretation of a movement by deceased as hostile, if the state's evidence that deceased had no weapon be accepted, defendant should at the time have indicated to the court his purpose and ability—should have offered—to furnish evidence that he knew of such habit, on which depends the admissibility of evidence of such habit; and subsequent testimony of such knowledge, of which the court had no knowledge or notice at the time of the ruling, could not put it in error as to its previous ruling.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 757, 1593–1596.]

3. WITNESSES ⊙37(4)—COMPETENCY—"CHARACTER" OF DECEASED.

Though "character," when properly made the subject of inquiry in a court, means the estimate in which the individual is generally held in the community in which he has resided, and a witness thereto can only state his opinion as to what the estimate of the community is, yet where a witness, qualified by acquaintance and residence, has testified that he knew deceased's character for peace and quiet in the community where he lived, and that he was not considered a dangerous, bloodthirsty man, notwithstanding his subsequent ambiguous statement on cross-examination that his answer was based on his own opinion, his further cross-examination tending to establish that the foundation of his opinion was the fact that people said nothing, the whole testimony is admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 84.

For other definitions, see Words and Phrases, First and Second Series, Character.]

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Volley Glover, alias, etc., was convicted of murder in the first degree, and appeals. Affirmed.

The witness Roberts was permitted to testify:

"I had a talk with Glover a short time before the killing, something like 10 minutes before, and he said the other fellow had a lemon squeezer, and it snapped, but that he had one that never did. He mentioned no name."

The witness was also permitted to testify that at the time of the conversation he saw Glover's pistol, and that Glover had his hand in his pocket at the time. The other facts sufficiently appear.

A. A. Williams, of Florence, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAYRE, J. [1] Defendant named no person in the statements admitted in evidence against him and made the subject of argument by his counsel on this appeal; but, in the circumstances, it was a question of fact, to be determined by the jury, whether the threat to be implied therefrom was intended for or directed against the deceased. Ford v. State, 71 Ala. 385; Jordan v. State, 79 Ala. 9; Knight v. State, 160 Ala. 58, 49 South. 764. Defendant's statements were a clear declaration of readiness for a combat with some definite, though unnamed, person, in which deadly weapons would be used; and these facts, which the evidence went to prove, viz., that defendant had had a difficulty with deceased, on account of which he harbored ill will, and that a few minutes later he sought a difficulty with deceased, in which he used the weapon to which his statements referred—these tendencies of the related evidence—brought the testimony to which defendant objected within the rules of the cases cited above.

[2] The court sustained the state's objection to defendant's question, put to the witness Stutts, asking whether or not Wash Wright, the deceased, was in the habit of carrying a pistol. The objection was that the question called for illegal, incompetent, and immaterial evidence, and that, if deceased had such habit, it had not been shown that defendant knew it. There was no error in the ruling. The testimony for the defendant tended to make out a case of self-defense, and as part and parcel of that defense that deceased was in the act of drawing a weapon when defendant fired the fatal shot. Without denying that, in connection with evidence tending to show that defendant knew deceased was in the habit of carrying a pistol, this testimony would have been admissible under the authority of Wiley v. State, 99 Ala. 146, 13 South. 424, Naugher v. State, 116 Ala. 463, 23 South. 26, and Cawley v. State, 133 Ala. 128, 32 South. 227, cases cited by appellant, it will suffice to answer the charge of error on this point to note that, if the jury accepted the state's evidence to the effect that deceased had no weapon, the evidence sought by defendant would have been admissible for the limited purpose only of showing the reasonableness of defendant's hostile interpretation of a movement on the part of deceased, still at the time when the question was asked there was before the court no testimony tending to show that defendant knew of the alleged habit. Of course defendant could not be expected to elicit all his evidence on the point by one question; but the testimony sought was conditionally admissible, defendant's attention was drawn to the specific cause of objection, and, to put the court in error, he should have indicated to the court his purpose and his ability—should have offered—to furnish evidence of the necessary fact, the missing link, upon some evidence of which the admissibility of

200 ALA.—25

the evidence in question depended. This, we believe, is the practice indicated by our other cases on the subject. Sims v. State, 139 Ala. 74, 36 South. 138, 101 Am. St. Rep. 17; Rodgers v. State, 144 Ala. 32, 40 South. 572; Bluett v. State, 151 Ala. 41, 44 South. 84. Defendant afterwards testified to the habit of deceased and his (defendant's) knowledge of it; but error in the court's previous ruling cannot be based upon testimony of which the court had no knowledge or notice at the time of the ruling in question.

[3] The state's witness Eaton testified that he had known deceased a long time, that he knew his character for peace and quiet in the community where he lived, and that he. was not considered a dangerous, bloodthirsty man. On cross-examination the witness answered affirmatively a question asking whether he based his answer (as to the character of deceased) on his own opinion, and then answered negatively a question asking whether he did not base it on what people said. Thereupon "the defendant moved the court to exclude the statement of the witness that deceased was not considered a dangerous, bloodthirsty man, on the ground that the witness was giving his own opinion, not based on reputation, or on what people said about the deceased." This motion was overruled, and the defendant duly excepted. Immediately thereafter the witness testified—still on cross-examination—that he had heard of deceased cutting Marvin Barnes with a knife, referring to a difficulty in which deceased, defendant, Barnes, and another had been engaged on the Sunday one week before the killing in question. Character or reputation, when properly made the subject of inquiry in courts of justice, means the estimate in which the individual is generally held in the community where he has resided. Jackson v. State, 78 Ala. 471; Watson v. State, 181 Ala. 53, 61 South. 334. The witness is not permitted to state his mere private opinion of the individual whose character is in question; but in the nature of things he can only state his opinion as to what the estimate of the community is. The foregoing statement, in its proper application, is of course not opposed to the rule which permits the use of negative testimony on the subject of character. To say that the witness has never heard anything against the character of the individual whose character is properly under inquiry is negative in form, but often more satisfactory than evidence of a positive sort. Hussey v. State, 87. Ala. 121, 6 South. 420. The witness in the case before us was qualified by his acquaintance with deceased and his residence in the community to speak of the character of deceased, and on his direct examination he did so speak. We are not of the opinion that the court's ruling against the motion to exclude should be held for error on the strength of the witness' subsequent ambiguous statement

that his answer was based on his own opinion. In a very correct sense, as we have indicated, the witness could only testify to his own opinion; i. e., his opinion as to the general opinion of the community. That he did not base his opinion on what people said was not necessarily fatal to his competency as a witness, for, properly enough, his opinion may have been based on the fact that people said nothing; and his subsequent further cross-examination tended to establish this as the foundation of his opinion. We are of the opinion that the whole testimony was properly submitted to the jury for their consideration. Such appears to have been the ruling of this court in the very similar case of Andrews v. State, 159 Ala. 14, 48 South. 858.

All exceptions reserved have been examined, but we do not feel that the rest of them require special treatment. The judgment and sentence of the court below must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.