(114 So. 12)

RILEY v. STATE.    (6 Div. 957.)

Supreme Court of Alabama.    June 30, 1927.

Witnesses ⬅361(4)—One not knowing witness' general reputation from what people said, but who had heard nothing derogatory, could testify to witness' good character.

One who lived in same vicinity with and had known witness whose character was in issue considerable length of time, and had heard nothing derogatory regarding him, was competent to testify to his good character that he would believe him on oath, though he did not know general reputation from what people said.

Certiorari to Court of Appeals.

J. D., alias Dug, Riley, was convicted of an offense and appealed to the Court of Appeals. The judgment of conviction being there reversed, the State brings this petition for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Riley v. State, 21 Ala. App. 655, 111 So. 649. Writ awarded; reversed and remanded.

Charlie C. McCall, Atty. Gen., and Ben G. Perry, Dep. Sol., of Bessemer, for the State.

The witness Walker was qualified to testify that he would believe the witness Shaw on oath, a sufficient predicate having been

laid for such testimony. Sullivan v. State, 66 Ala. 50; Haley v. State, 63 Ala. 83; McQueen v. State, 108 Ala. 55, 18 So. 843; Holmes v. State, 88 Ala. 29, 7 So. 193, 16 Am. St. Rep. 17; Hadjo v. Gooden, 13 Ala. 721; Hussey v. State, 87 Ala. 130, 132, 6 So. 420; Glover v. State, 200 Ala. 385, 76 So. 300.

Goodwyn & Ross, of Bessemer, for appellee.

The law as stated in the opinion of the Court of Appeals is correct. Parker v. Newman,· 200 Ala. 103, 75 So. 479; Rogers v. State, 16 Ala. App. 58, 75 So. 264; Andrews v. State, 159 Ala. 14, 48 So. 858.

PER CURIAM. Speaking to the question of proof of character, this court in Glover v. State, 200 Ala. 384, 76 So. 300, said:

"The witness is not permitted to state his mere private opinion of the individual whose character is in question; but in the nature of things he can only state his opinion as to what the estimate of the community is. The foregoing statement, in its proper application, is of course not opposed to the rule which permits the use of negative testimony on the subject of character. To say that the witness has never heard anything against the, character of the individual whose character is properly under inquiry is negative in form, but often more satisfactory than evidence of a positive sort. Hussey v. State, 87 Ala. 121, 6 So. 420. The witness in the case before us was qualified by his acquaintance with deceased and his residence in the community to speak of the character of deceased."

This question of negative testimony as to good character is fully discussed in Hussey v. State, 87 Ala. 130, 6 So. 420, cited in the Glover Case, supra. In the Hussey Case, supra, the court states:

"To say his character is good, is a positive expression of the fact. To say that the witness has never heard anything against his character, as to the particular phase in which it is put in issue, is negative in form, but often more satisfactory than evidence of a positive character."

As we read and understand the opinion of the Court of Appeals in the instant case, it contravenes the rule above stated as to negative testimony of good character. The court holds, as we construe the opinion, that although the witness Walker lived in the same vicinity with and had known Shaw (the witness whose character was in issue) a considerable length of time, and had heard nothing derogatory thereof, yet he was incompetent to testify to his good character that he would believe him on oath, for the reason the witness stated he did not know the general reputation from what people said. In view of what has herein been stated as to negative testimony as to good character, it appears the Court of Appeals has fallen into error in the respect indicated.

We do not mean to say the witness need not first be shown to have knowledge of the character of the person whose character is in issue, but only that in cases of this character the witness may have such knowledge from his acquaintance and association in the same vicinity for sufficient length of time, and has heard nothing derogatory thereof. The Court of Appeals limits this knowledge as to what people said, and thereby ignores the negative testimony rule above stated.

The petition of the state will therefore be granted, the writ of certiorari awarded, and the judgment reversed, and the cause remanded to the Court of Appeals to be proceeded with in accordance with the views herein expressed.

Writ awarded.

Reversed and remanded.

All the Justices concur.