(133 So. 63)

## PUCKETT v. STATE.
### 8 Div. 918.

Court of Appeals of Alabama.
March 17, 1931.

O. Kyle, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., and R. T. Goodwyn, Jr., Asst. Atty. Gen., for the State.

BRICKEN, P. J.

In all criminal prosecutions, the accused may offer evidence of his previous good character, not only where a doubt exists on the other proof, but even to generate a reasonable doubt as to his guilt. Felix v. State, 18 Ala. 720; Harrison v. State, 37 Ala. 154; Dupree v. State, 33 Ala. 380, 73 Am. Dec. 422; Hall v. State, 40 Ala. 698.

In this case, defendant's witness Henry Teague, without objection on the part of the state, testified: "I know the defendant. I have known him about twelve or fourteen years. I have never heard anything against his character up until this came up. I have had dealings with the defendant for ten or twelve years." The following question was then put to the witness: "And in all this time you were dealing with the defendant, you haven't heard anything against his character until this charge was made against him?" The witness answered, "No sir." Whereupon the court, ex mero motu, stated, "I don't think that is proper," and upon motion of the solicitor excluded the answer over the objection and exception of defendant. In this ruling the court erred to a reversal. See Riley v. State, 216 Ala. 536, 114 So. 12, which case is a direct authority on the point of decision involved. The evidence above quoted was negative in form, but, as stated in Hussey v. State, 87 Ala. 130, 6 So. 420, such evidence is often more satisfactory than evidence of a positive character. In the Hussey Case, supra, the question of negative testimony as to character is fully discussed.

State witness Elsie Oden testified against the defendant; the tendency of her testimony was damaging to the accused. On cross-examination of this witness, the defendant undertook to show that she was biased or prejudiced against him, but by the court's rulings the cross-examination of the witness in this respect was abridged upon motion of the solicitor. The bias or prejudice of an adverse witness is not collateral, and, in order that the jury may be enabled to estimate the value of such testimony, it is permissible, and the general rule provides that on cross-examination of a witness any fact may be elicited which tends to show such bias or partiality, and, if the witness denies the facts showing the bias, the cross-examining party may call other witnesses to contradict him. Byrd v. State, 17 Ala. App. 301, 84 So. 777, and cases cited. In Lodge v. State, 122 Ala. 97, 26 So. 210, 82 Am. St. Rep. 23, it was held "that it may be shown that the father or mother of the witness harbored ill will towards the defendant which was known to the witness, as tending to affect his credibility." In the case at bar, on this question, witness Elsie Oden was asked upon cross-examination:

"Q. You are not on good terms with this defendant are you?" to which she answered, "Not as far as I know."

"Q. Didn't you and your mother have a falling out with the defendant because a bull-dog belonging to your mother killed a hog of his, and he made your mother pay for it? A. I didn't have no falling out with him, no sir, I did not.

"Q. Did he make her pay for it?"

Upon objection by the state, the court would not allow defendant to pursue this inquiry, and in this we think error is apparent and the exception reserved well taken. Authorities supra.

State witness Humphrey Cloer gave testimony against the appellant, and this witness was admittedly one of the perpetrators of the crime here complained of. He was at the time of this trial serving a term of imprisonment in the penitentiary as a punishment for his participation in the operation of the still for which offense this appellant was also being tried. On cross-examination of this witness,

in order to show his bias against appellant, he was asked. "Q. Mr. Cloer, after you were convicted in this case didn't you try to borrow (from appellant) $15.00 in order to have the record (transcript of the evidence) made out, so you could take an appeal?" To this the witness answered: "No sir. I didn't try to borrow any money from him;" and further, "I plead guilty in the case." On this matter the defendant testified: "When Humphrey Cloer's case was first called, at the time he forfeited his bond, then was the time he wanted to borrow $15.00; he said he wanted to take an appeal; I refused to let him have it and then he said he would plead guilty and then he would turn somebody up. I didn't think he would turn me up, because I hadn't done anything." Appellant complains that the solicitor went beyon.' the bounds of legitimate argument in his speech to the jury, in commenting upon the foregoing testimony. In this connection the record shows: "Mr. Wright (Solicitor) stated to the jury, that it was not reasonable that witness, Cloer, had tried to borrow $15.00 from the defendant in order to prepare the papers for taking an appeal, because it was undisputed that the witness, Cloer, had plead guilty to the charge of violating the prohibition law, and that after having plead guilty, he could not take an appeal. Over timely objection by defendant this statement of the Solicitor was permitted by the court's ruling to remain with the jury without correction, and appellant earnestly insisted that the statement was not the law and that the Solicitor should not be permitted to make such unwarranted statement as a fact to the jury." In brief here, appellant insists that as a matter of law a convicted person, one who has pleaded guilty, can, under the statute, take an appeal from the judgment of conviction pronounced and entered against him, and that the objectionable statement was highly prejudicial as tending to lessen the probative force of the testimony of defendant and to add force and emphasis to that given by witness Cloer which was in direct conflict. There is merit in this insistence. The objected to statement is not the law, and, while the jury are to take the law from the court and not from counsel, it is reasonably apparent that the statement might have misled the jury on the question of weighing the evidence and considering the patent conflict in the testimony of the adverse state witness and that of the accused. Our statute in very general terms confers the right of appeal from a judgment of conviction in a criminal case, and it has been held "a plea of guilty does not preclude a defendant from appealing." Sammons v. State, 23 Ala. App. 162, 122 So. 309; State v. Thomas, 9 Ala. App. 1, 63 So. 688. The insistence of appellant is well taken and exception sustained.

■■ Appellant complains bitterly of the oral charge and insisted in the lower court, and here insists that (a) "it doesn't charge on the theory of the defense in this case;" (b) "the charge is invasive of the province of the jury;" and (d) "because in parts the charge assumes certain facts to be true which is the province of the jury to find." Other criticisms of the oral charge are indulged, but need not be here specified. Several exceptions were reserved to the oral charge, but these exceptions are abortive, and the questions involved are not presented for consideration. The attempted exceptions were improperly reserved, as they were descriptive only, and not the reservation and an exception to a particular, exactly designated statement of the judge. The general rules of practice do not allow an exception by description of a subject treated by the court in an oral charge to the jury. Cowart v. State, 16 Ala. App. 119, 75 So. 711.

■ Other questions are presented, but need not be discussed, as they may not arise again upon another trial.

Reversed and remanded.