141 So. 662

### DYESS v. STATE.
### 4 Div. 635.

Supreme Court of Alabama.
May 12, 1932.

C. L. Rowe and J. C. Fleming, both of Elba, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

**BOULDIN, J.**

The defendant produced numerous witnesses as to his good character.

After proper predicate disclosing knowledge of defendant's general character, or knowledge of his character for peace and quiet, the witnesses were severally asked: "Have you, prior to this difficulty, ever heard anything against his character for peace and quiet?" Similar questions were put as to his general character.

The trial court, on objection of the state, refused all this evidence, and defendant reserved exceptions.

■ Such evidence, generally referred to as negative evidence of good character, was fully considered on principle and authority in Hussey v. State, 87 Ala. 121, 6 So. 420. Such evidence was there held admissible and its refusal reversible error. We need merely refer to the discussion of this question on pages 129 to 132 of the opinion in 87 Ala., 6 So. 420, in the above-cited case.

This rule has been consistently followed in later cases. Glover v. State, 200 Ala. 384, 76 So. 300; Riley v. State, 216 Ala. 536, 114 So. 12; Puckett v. State, 24 Ala. App. 217, 133 So. 63.

■■ The state suggests that, as a predicate to such negative testimony, the witness should first testify directly to good character.

The only predicate necessary in such case is that the witness know his character.

■ As pointed out in our cases, the fact that one has never heard anything against the character of his neighbor is often a most satisfactory basis for the direct statement that his character is good.

■■ It is always proper to call for a positive statement of the witness as to character, as was done in the instant case. As to one witness, at least, this was drawn out before offering the negative evidence; as to most witnesses the negative evidence was offered first. This was unimportant. If negative testimony only is offered, the state may, on cross-examination, call out the witness' positive views as to character, or any pertinent matter tending to weaken the negative evidence.

For the error in denying the defendant the benefit of this testimony, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.