162 So. 547

**GRIFFIN et al. v. STATE.**

**7 Div. 76.**

Court of Appeals of Alabama.

June 25, 1935.

Isbell & Beck, of Fort Payne, for appellants.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a conviction of the offense denounced and provided for in section 4925 of the Code 1923, this appeal was taken. The indictment charged these two appellants, in substance, that, with the purpose to hinder, delay, or defraud D. W. Powell, who had a lawful and valid claim thereto, under a written instrument, lien created by law for rent or advances, or other lawful valid claim, verbal or written, did sell or remove personal property consisting of six bales of cotton of the value of $100, the said Jesse N. Griffin and Odie Taylor having at the time a knowledge of the existence of such claim, etc. This indictment charged a felony and the offense so charged involved moral turpitude.

The two defendants were jointly tried and both were convicted and were sentenced to serve an indeterminate term of imprisonment in the penitentiary for not

less than one year and one day, nor more than three years.

■■■ Upon the trial, each of the defendants stoutly denied that they were guilty of the offense charged, and, as the law permits, introduced evidence as to their good character. Numerous witnesses were introduced in this connection and these witnesses testified, under proper predicates, as to the exceptional good character of these two defendants. The court, however, would not permit the defendants to offer evidence as to their particular traits of character involved in the nature of the charge as contained in the indictment upon which they were put to trial, and refused to let them show their good character and reputation for "honesty and integrity." These rulings of the court were error and the exceptions reserved in this connection are sustained. These rulings were in direct conflict with the well settled and oft announced rule which is, in all criminal prosecutions, evidence of the general good character of the accused is admissible as original evidence tending to exculpate from the charge, and the weight of authority is that such evidence, when offered, should be directed to the particular traits of character involved in the nature of the charge. In 8 Ruling Case Law, § 203, it is said: "Indeed, when evidence touching the character of the party is admitted, it ought manifestly to bear reference to the nature of the charge against him. Where the trait of character in issue is one of honesty and fair dealing, evidence that the defendant is a peaceable, quiet, and law-abiding citizen, or that he is a man of sober and industrious habits, should not be admitted because these questions do not bear upon the defendant's character for honesty. But evidence for peace and quietude is admissible on a charge of murder by poisoning on the ground that an assault is involved in every unlawful infliction of injury by poison, and that the character of an accused for peace is involved in the offense of assault or assault and battery."

In Mitchell v. State, 14 Ala. App. 46, 70 So. 991, 992, this court (through Brown, J.) said: "that such evidence, when offered, should be directed to the particular traits of character involved in the nature of the charge."

On the question under discussion such eminent authority as Underhill on Criminal Evidence (2d Ed.) § 77 has the following to say:

"In a criminal prosecution, evidence of accused's general good character is admissible only when limited to the particular trait involved in the nature of the charge. The traits of character which may be proved must depend upon the nature of the crime alleged and the moral wrong which is involved in its commission.

"In a prosecution for theft a witness may testify to the general reputation as to honesty and integrity, but may not state that he never heard of accused failing to return any money which came into his hands.

"So in a prosecution for embezzlement, the general reputation of the accused for honesty may be proved, but his reputation for telling the truth is not admissible.

"So, too, in a prosecution for larceny, evidence of character must bear directly on the honesty and financial integrity of the accused."

See, also, Balkum v. State, 115 Ala. 117, 22 So. 532, 67 Am. St. Rep. 19; Cauley v. State, 92 Ala. 71, 9 So. 456; Smith v. State, 142 Ala. 14, 39 So. 329. Numerous other authorities could be cited, but the foregoing are amply sufficient.

The nature of the charge against these two appellants involved directly their trait of character as to honesty and integrity, and under the rule stated the trial court should have permitted them to offer evidence to this end.

■ A material question in this case was whether or not defendant Odie Taylor had rented the land he cultivated, and upon which the cotton in question was grown, direct from the landlord, or whether he was a subtenant of, and had to attorn to, his uncle, J. M. Taylor. On this question the state was permitted to show by its first witness, Mrs. S. A. Buse, the state's version or insistence in this connection, but declined to allow the defendant to contradict the witness by sustaining the objections of the state to questions propounded to defendant witness Henry Hodge, also several other witnesses, as to her statements made to him relative to the rental contract. These rulings were error.

■■ The evidence in this case is without dispute that defendant Odie Taylor paid his rent in full to the alleged injured party, but upon declining to pay the balance of rent due by J. M. Taylor, with which he claimed he had nothing whatever to do and was in no manner obligated to pay, Powell went at once before the grand jury and secured the indictment upon which

this prosecution is rested. It is not within the province of this court to say that, "manifestly Powell resorted to the grand jury in order to collect the balance claimed by him to be due," as insisted by appellant, for this and other controverted questions were for the jury to decide from the evidence adduced upon the trial of this case. However, a grand jury should never be used as a collection agency.

The rulings of the court in permitting state witness W. J. Moultrie, over the objections and exceptions of defendant, to give evidence as to his "suppositions" and as to matters clearly hearsay was error under the simplest rules of evidence.

The court erred in overruling and denying defendants' motion for a new trial. This is true especially as to defendant Griffin. The testimony falls far short as to the measure of proof necessary to a conviction as to Griffin. The undisputed testimony discloses he had no interest in the cotton in question or in its removal except as to the contract of hire as between him and Odie Taylor. He testified that Taylor paid him the price agreed upon for hauling the cotton, and, as far as we are able to ascertain, he had no other interest in the cotton and knew nothing whatever about any controversy relative to it.

Reversed and remanded.