33 So.2d 23

### EVERAGE v. STATE.
#### 4 Div. 31.

Court of Appeals of Alabama.
Dec. 16, 1947.

Sentell & Sentell, of Luverne, for appellant.

292

A. A. Carmichael, Atty, Gen., and Berhard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was convicted in the court below of assault with intent to murder.

The defendant introduced several character witnesses, and among the questions propounded to each one; either in exact counterpart or in substance, was this: "Have you ever heard of this defendant being involved in any fight or difficulty prior to this alleged assault?" Upon objection by the State the trial court disallowed an answer to each of these interrogations.

■ In the early case of Hussey v. State, 87 Ala. 121, 6 So. 420, 423, the Supreme Court had this identical proposition under review. It is fitting and appropriate that we here give deserved promi-

nence to the logical reasoning in the treatment of this inquiry:

"The rulings of the court below raise in this case a question of evidence which is of great importance, as it occurs to us, in the practical administration of justice. It involves the right of a defendant to introduce negative testimony in support of his good character,—a right which does not seem to be recognized by the old text-writers and authorities, but may be said to be accorded from necessity almost universally by the nisi prius courts in the trial of causes. The defendant was allowed to prove his good character generally for peace and quiet,—an issue having reference to the nature of the charge against him, which was murder. Two witnesses were asked the question whether they had 'ever heard of the defendant having any other difficulty except the one in question?' This question was objected to by the state, and in such objection was excluded. There is good authority in support of this ruling of the circuit court, but we are all of one opinion, that the question should have been allowed. Bare evidence by a witness that he knows the general character of a given person, and it is good, or very good, or excellent, is, after all, closely analogous to a mere opinion in the nature of a fact, and, standing alone, carries with it an impression that it is lacking in some element to give force to the statement. The party testifying can render it more satisfactory and convincing by showing the foundation on which it rests. It is well to prove a person to be reputed honest, or truthful, or a woman chaste, or a man loyal to his country, or peaceably disposed towards all his neighbors. But great emphasis is added by the declaration that the witness, who has had every opportunity to know, has never heard any human being challenge the honesty or veracity of the one, or breathe the slightest breath of suspicion on the virtue of the other, or assert any fact which goes to deny the loyalty, or question the humanity and orderly conduct of the third. It is only to put the matter in a slightly different form to inquire of the deposing witness whether he had ever heard of any act or conduct in refutation of the good repute which he has affirmed

of the person in question. To say his character is good is a positive expression of the fact. To say that the witness has never heard any thing against his character, as to the particular phase in which it is put in issue, is negative in form, but often more satisfactory than evidence of a positive character.

"The propriety of this rule, permitting negative evidence of good character, is gradually 'forcing itself upon the recognition of the courts, and there is a current of modern authority rapidly forming in support of it."

This principle of law and pronounced rule has been uniformly and unequivocally declared in many subsequent cases which have developed in the course of judicial decisions. Dyess v. State, 224 Ala. 610, 141 So. 662; Stone v. State, 208 Ala. 50, 93 So. 706; Williams v. State, 32 Ala.App. 597, 28 So.2d 731; Diamond v. State, 22 Ala.App. 410, 116 So. 312; Puckett v. State, 24 Ala.App. 217, 133 So. 63; Porter v. State, 20 Ala.App. 74, 101 So. 97; Wheat v. State, 18 Ala.App. 554, 93 So. 209.

■ During his argument to the jury the solicitor said: "Gentlemen of the jury, there is not much to this case. The defendant offers no testimony here but character testimony." The trial judge overruled appellant's objection to this statement, and the matter is properly presented for review.

The defendant did not testify in his own behalf.

■ It appears to us, and we so hold, that the statement of the solicitor was a comment on the failure of the defendant to testify. Clearly, the assertion is susceptible of this interpretation.

■ Many cases in which this question is involved have found their way into our appellate courts. In this jurisdiction it is firmly settled, long maintained, and well recognized that a person on trial for a criminal offense shall only at his request become a witness in the cause and his failure or refusal to do so shall not create any presumption against his innocence nor can his declination to testify be made the subject of comment by counsel in argument to the jury. Title 15, Sec. 305, Code 1940.

In the following cases the quoted statements were held to violate this rule: Baker v. State, 122 Ala. 1, 26 So. 194, 196. "The defendant did not deny having left his sick wife, and fleeing the country" and "the defendant did not deny that he went to Elijah Langford's house, and made the confession." May v. State, 209 Ala. 72, 95 So. 279, 280. "If he had an excuse, why didn't he tell you about it? If he has a reason, why didn't he give it?" Bestor v. State, 209 Ala. 693, 96 So. 899, 900. "Look at the defendant, gentlemen. Doesn't she bear all the earmarks of a demon?" and "Gentlemen, there she is. They don't want you to see her" and "I don't blame them. I would not want people to see her either." Kilpatrick v. State, 213 Ala. 358, 104 So. 656. Counsel referred to the fact that defendant had not told the jury whether Coursey was present at the homicide. Arant v. State, 232 Ala. 275, 167 So. 540, 543. "Nobody knows how they were shot but him, and whether he will ever state it or not, I don't know." Jones v. State, 23 Ala.App. 493, 127 So. 681, 682. "He did not deny he was at the still." Lucas v. State, 24 Ala.App. 468, 137 So. 902. "Why didn't the defendant go on the stand and testify in his own defense, if he was not guilty?" Austin v. State, 30 Ala.App. 267, 4 So.2d 442, 443. "Gentlemen of the jury, you have not heard the testimony of the defendant yet." Gable v. State, 31 Ala. App. 280, 15 So.2d 594, 596. "Now, gentlemen of the jury, wouldn't it be unusual for Eades to have a stranger to come to Baldwin County and rob him; that's what Hutter says. All you have to consider as to the framed robbery is the testimony of Mr. Eades against that of Mr. Hutter— Gable didn't take the stand and I can't comment on that."

See also, Matthews v. State, 16 Ala.App. 514, 79 So. 507; Watkins v. State, 21 Ala. App. 585, 111 So. 43; Curlette v. State, 25 Ala.App. 179, 142 So. 775.

A study of the opinions in the above cited cases will illustrate the extent to which our appellate courts have gone to safeguard and keep inviolate the rule of instant concern.

There are no other questions presented for review that deserve any discussion by us.

For the indicated reasons, it is ordered that the judgment of the nisi prius court be reserved and the cause remanded.

Reversed and remanded.