53 So.2d 729

**SINGLEY v. STATE.**

**2 Div. 287.**

Supreme Court of Alabama.

June 28, 1951.

Scott & Porter, Chatom, for appellant.

Si Garrett, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Appellant, Edgar Singley, alias Pete Singley, was tried in the circuit court of Choctaw County under an indictment charging that he unlawfully and with malice aforethought killed Jesse Morgan, alias Sug Morgan, by striking him with a piece of "scantling" or a stick. The jury returned a verdict of murder in the first degree and fixed defendant's punishment at life imprisonment in the penitentiary. Judgment was in accord with the verdict. Defendant's motion for new trial having been denied and overruled, he has appealed to this court.

Clinton Stokley, a cousin of Pete Singley, was previously convicted of murder in the first degree for the killing of Jesse Morgan and on his appeal to this court, we reversed the case on a ground not presented on this appeal. Stokley v. State, 254 Ala. 534, 49 So.2d 284.

Jesse Morgan died a few days after being injured in a fight in which both Clinton Stokley and Pete Singley participated. The facts disclosed by this record, as they bear on the difficulty and circumstances leading up to it, are so similar to the facts set out in the opinion in Stokley v. State, supra, that we see no necessity to detail such facts in this opinion. We will hereafter delineate only such facts as are necessary to an understanding of those questions presented on this appeal not decided against the contention of appellant in Stokley v. State, supra.

The evidence for the State was to the effect that Clinton Stokley hit deceased with a piece of "scantling" and that defendant Pete Singley twice hit deceased on his head with a heavy stick.

It is insisted the trial court erred in overruling defendant's motion to exclude the State's evidence on the ground that it failed to establish the fact that the blow or blows struck by defendant contributed to the death of deceased. The insistence is without merit.

Deceased appears to have been in good health prior to the difficulty. Shortly after the fight he became unconscious and was taken to a hospital in Butler, where it was discovered he was partially paralyzed. The attending physician, recognizing the seriousness of his injuries, recommended that he be taken to a brain specialist in Birmingham, which was done. Deceased remained unconscious until his death in a Birmingham hospital several days later. The attending physician at the hospital in Butler testified on behalf of the State and from his testimony it appears that when deceased arrived at the hospital he was bleeding, his skull was fractured and was crushed in at the "seat" of the blow; the wound on his scalp and the "crack" in his skull were about two and one-half inches long; the skull bone was pressed down about one-fourth of an inch; symptoms indicated an internal hemorrhage. The doctor stated that in his best judgment the injuries he observed on deceased's head were sufficient to produce death. Certainly under this evidence the jury would be warranted in finding the death of deceased resulted from injuries suffered during the difficulty with defendant Pete Singley and his cousin, Clinton Stokley.

The evidence for the State tends to show it was this defendant, Pete Singley, who delivered the hard blows to the head of deceased. Moreover, the evidence for the State tends to show that there was preconcert or community of purpose between defendant and Clinton Stokley. If this evidence was believed by the jury beyond a reasonable doubt, then the defendant Singley was responsible for the acts of Clinton Stokley, although they intended only a battery upon deceased, and a verdict of guilty would be warranted against defendant unless Stokley acted independently of the common purpose and struck deceased for malice and motives of his own and was not at the time previously incited thereto by defendant. Stokley v. State, supra, and cases cited.

Appellant complains of the action of the trial court in sustaining the State's objections to questions propounded several

witnesses by counsel for appellant wherein appellant sought to prove "his reputation for jumping on people or whipping them or hitting them with a stick." Reliance is had on the following cases: Hussey v. State, 87 Ala. 121, 6 So. 420; Mitchell v. State, 14 Ala.App. 46, 70 So. 991; Wheat v. State, 18 Ala.App. 554, 93 So. 209; Griffin v. State, 26 Ala.App. 473, 162 So. 547. The only one of these cases tending to support the position taken by appellant is Wheat v. State, supra, and it was expressly overruled in Young v. State, 20 Ala.App. 369, 102 So. 366. The other cases relied on by appellant merely hold, in effect, that evidence of the general good character of an accused is admissible as evidence tending to exculpate from the charge and that proof may be made of the particular traits of character involved in the nature of the charge, such as honesty, violence, chastity, etc. The questions to which objections were sustained sought to make proof of defendant's reputation or character as to particular acts or specified conduct which, as we hereafter show, cannot be shown on direct examination.

We quote from the decision in Ex parte State ex rel. Attorney General, 209 Ala. 3, 96 So. 450, because it points out the distinction between proof of specific traits of character, such as honesty, violence, chastity, etc., involved in the act charged, and reputation as to particular acts or specified conduct, such as defendant sought to prove in this case. It was there said:

"Upon the trial of the cause the witness for the defendant testified that the defendant's general character was good. The witness was then asked by the defendant if he knew defendant's general character in the community where he lived for possessing or having in his possession a still, and also if he knew his character in the community where he lived for possessing a still, an apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages. The state's objection to each of these questions was sustained, and this ruling constitutes the ground upon which rests the reversal of the cause by the Court of Appeals. That court reached this conclu-

sion upon a consideration of the authorities holding in effect that the accused may introduce evidence of his good character as to the particular trait of character involved in the nature of the charge, citing, among other authorities, Underhill on Criminal Evidence (2d Ed.) § 77; 1 Greenleaf on Evidence (16th Ed.) p. 39; 1 Wigmore on Evidence (2d Ed.) p. 150; 20 L.R.A. 612 (note); Weeden v. State, 17 Ala.App. 516, 86 So. 130.

"We do not question the general principle involved in these decisions, but we are of the opinion that principle is without application to the instant case. The particular trait of character referred to in these authorities is such as arises from the nature of the charge as illustrated in 1 Greenleaf on Evidence, supra, where the author says:

" 'The character offered must be as to the specific trait—e. g., honesty, violence, chastity, etc.—involved in the act charged.'

"It is well understood that evidence of character goes to general repute, and not to particular acts or specified conduct. Hussey v. State, 87 Ala. [121] 132, 6 So. 420; Sexton v. State, 13 Ala.App. 84, 69 So. 341, reviewed by this court in 195 Ala. 697, 70 So. 670 [1014].

"It has also been held that a defendant may not prove his good character by his own testimony to the effect that he had never been arrested or prosecuted for any violation of law before the arrest on the charge for which he is being prosecuted. Patton v. State, 197 Ala. 180, 72 So. 401. See, also, Stout v. State, 15 Ala.App. 206, 72 So. 762, reviewed by this court in 198 Ala. 695, 73 So. 1002.

"The case of Commonwealth v. Nagle, 157 Mass. 554, 32 N.E. 861, bears close analogy to that here under consideration. The accused was charged with selling intoxicating liquors to a minor, and the court declined to permit the defendant to show his reputation in regard to observing the conditions of his license, and particularly as to selling or permitting the sale of intoxicating liquors to minors. The court held that the general rule in regard to permitting evidence as to character concerning the particular trait involved in the charge had lit-

tle application to penal acts which were merely mala prohibita, and that the offered evidence was to show that under the license which he held his habit had been to avoid the commission of certain offenses mentioned in the license, not necessarily involving moral wrong, the court saying:

" 'For the purpose of proving that one has or has not done a particular act, it is not competent to show that he has or has not been in the habit of doing other similar acts.'

"In Stout v. State, supra, it was held that the specific trait of defendant's character involved was that with reference to the observation of prohibition laws of the state; but the question here involved is reduced to still more narrow margin, and the defendant seeks to establish his general character for the specific act in question—that is, having in his possession a still—and we are of the opinion that this called for evidence of specified conduct, which is not permissible under our decisions. The case from the Supreme Court of Massachusetts of Commonwealth v. Nagle, supra, is, in our opinion, entirely sound, and, if followed, is decisive of the question here involved. We have therefore reached the conclusion that the trial court did not commit reversible error in refusing to permit the defendant to make this proof, and that the Court of Appeals erred in reversing the judgment of conviction upon this ground."

In Williams v. State, 250 Ala. 549, 550, 35 So.2d 567, 568, we said: "One further comment is appropriate. The opinion of the Court of Appeals indicated approval of the second question marked (2) above, had the inquiry been thus limited, but we think under either aspect the question called for incompetent and illegal testimony. Its effect was an attempt to prove reputation by evidence of specific conduct, which is not permissible. Character or reputation, whether good or bad, cannot be proven by specific acts or conduct, but only by evidence of general repute. (Cases cited.)"

■ The distinction is well established between the right to cross-examine a witness, who had testified concerning the good reputation of the defendant, as to whether he had heard of specific acts of misconduct on the part of defendant, and proof of particular acts on direct examination. Helms v. State, 254 Ala. 14, 47 So.2d 276; Andrews v. State, 159 Ala. 14, 48 So. 858; Vinson v. State, 247 Ala. 22, 22 So.2d 344; Snead v. State, 243 Ala. 23, 8 So.2d 269.

■ However, the action of the trial court in refusing to permit the defendant to introduce negative testimony as to good character was erroneous and requires a reversal of this cause. Hussey v. State, supra; Glover v. State, 200 Ala. 384, 76 So. 300; Stone v. State, 208 Ala. 50, 93 So. 706; Riley v. State, 216 Ala. 536, 114 So. 12; Dyess v. State, 224 Ala. 610, 141 So. 662; Everage v. State, 33 Ala.App. 291, 33 So.2d 23; Williams v. State, 32 Ala.App. 597, 28 So.2d 731; Puckett v. State, 24 Ala.App. 217, 133 So. 63.

The trial court did not err in refusing to permit the defendant to prove his reputation for jumping on people or whipping them or hitting them with sticks or other weapons.

■ The trial court correctly permitted the State to show the conversation between Alvin Stokley and deceased. At the time this evidence was admitted, there was ample evidence in the case tending to show the existence of a conspiracy between defendant and his cousins, including Alvin Stokley, to do bodily injury to deceased. Hence, all that was said and done in furtherance of the common design was admissible in evidence against the other conspirators. Stokley v. State, supra.

For the error noted above, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.