105 So.2d 701

**Floyd Earl WEBB**

v.

**STATE.**

**6 Div. 484.**

Court of Appeals of Alabama.

Aug. 19, 1958.

Rehearing Denied Sept. 10, 1958.

McDonald & Moon, Birmingham, for appellant.

John Patterson, Atty. Gen., and Alvin T. Prestwood, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

After appealing from a judgment of guilty in the Juvenile Court of Jefferson

County, this appellant was tried in the Circuit Court of Jefferson County on a Solicitor's complaint charging him with indecent exposure, an offense denounced by Section 326(1), Title 14, Code of Alabama 1940 (Pocket Part).

A verdict of guilty was returned by the jury, and judgment was entered accordingly.

■ The evidence presented by the State tended to show that this appellant exposed his private parts in the presence of two young girls. The offense took place in Avondale Park in the City of Birmingham on a Friday in the latter part of June, 1956.

It was also shown that the appellant had plead guilty to a charge of indecent exposure in 1949, in the Recorder's Court of the City of Birmingham.

The evidence presented by the State, if believed by the jury to the extent required by the rule, was ample in its tendencies to sustain the verdict and judgment of guilty. We see no necessity of detailing the evidence.

The defense was directed toward establishing an alibi. Such conflict as may have resulted in the evidence was solely within the province of the jury to resolve.

It was appellant's contention that he picked up his wife after work at 4:00 P.M., and on Fridays they always drove to their home, dressed to go out, prepared supper, and then went to a meeting of the Ladies League at the Salvation Army Citadel.

The court's ruling was invoked only a relatively few times in the trial below. We have examined these rulings and find them clearly free of error, and feel no purpose would be served in writing to most of them.

Counsel for appellant argues that the lower court erred in sustaining the State's objection to the following question propounded to Mrs. George F. Knight, a witness for the defense:

"Q. During June of this year '(1956)' do you have any judgment about how many nights they might have missed coming by your house, on the way to the meetings?"

Mrs. Knight was a stepdaughter of the appellant. Just previous to the above question she had testified that the appellant and his wife (her mother) went to the Ladies League meeting at the Salvation Army Citadel every Friday night, and that she particularly knew they went to the meetings every Friday night in June.

Counsel for appellant argues that the testimony sought to be elicited by the question was relevant to show the custom and habit of the appellant and his wife in going by Mrs. Knight's home on their way to the Friday night meetings.

■ We pretermit consideration of the general question as to the admissibility of evidence of habit as tending to show conduct on a particular occasion, other than to observe that the greater number of cases in this State reject such evidence. See McElroy, The Law of Evidence in Alabama, Section 43, pp. 14, 15, for citations. However, we think the doctrine of Montgomery Light & Traction Co. v. Devinney, 200 Ala. 135, 75 So. 883, is clear to the effect that where there are eye witnesses to an accident such evidence is not admissible in a civil suit for damages. We see no reason why the same rule should not govern in a criminal case, where the habit sought to be shown in nowise possesses probative value as to the doing of the act charged, nor tends to justify another in acting, as in homicide, where the habit of a deceased in carrying a gun, is relevant under evidence of self defense, where such habit is known to the defendant. See Carwile v. State, 148 Ala. 576, 39 So. 220; Naugher v. State, 116 Ala. 463, 23 So. 26; Glover v. State, 200 Ala. 384, 76 So. 300.

■ Further, Mrs. Knight had testified that she particularly knew that the appellant and his wife had attended the Ladies League meetings every Friday night in June, 1956. The fact that his habit was to drive by her

house on the way to these meetings could add nothing to the positive facts already testified to by her. In this light the rejection of such evidence could hardly, or probably have damaged appellant in any substantial right.

Affirmed.