321 So.2d 253

**Willie Arthur POWERS, alias**

v.

**STATE.**

**5 Div. 311.**

Court of Criminal Appeals of Alabama.
Oct. 21, 1975.

287

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery and sentenced to ten years imprisonment in the penitentiary. He was represented by retained counsel and at arraignment he pleaded not guilty. After conviction and sentence he made known to the court that he was not going to take an appeal. Later he changed his mind and gave written notice of appeal. He was found to be indigent and a free transcript was furnished him. Trial counsel was appointed to represent him on appeal.

Mr. Ronald E. Pugh was night clerk and auditor of the Opelika Ramada Inn located on Alabama Highway 280 just off Interstate 85 in Lee County. His hours of employment were from 11:00 o'clock p. m., until 7:00 o'clock a. m. Around 2:00 a. m. on December 9, 1974, two Negro men came to the registration desk where Mr. Pugh was standing and asked him if he had rooms available and he told them yes. One of the men asked him if he had change for a fifty dollar bill and he replied in the affirmative. At this point the man pulled a pistol and pointed it directly at Mr. Pugh and told him to lie flat on the floor on his

Robert M. Harper, Auburn, for appellant.

stomach, and he complied with the order. The man with the pistol was subsequently identified as appellant.

The robbers could not open the cash register and one of them ordered Mr. Pugh to open it and he reached up from his position on the floor behind the counter and opened it. He heard the men getting the money. After getting the money, the robbers snatched the telephone cord and tied Mr. Pugh's hands behind him and they tied his feet together with a long cord from a calculator. They told him if he moved they would "mess him up." Mr. Pugh was alone at the time of the robbery and the lobby was well lighted. He got a good look at the men at close quarters. He noticed one of the men was wearing a black leather coat.

It took Mr. Pugh two to three minutes to untie his hands and feet and he got to the telephone switchboard and called the Opelika Police Department. The officers responded immediately and he gave them a description of the men who robbed him. The officers put out a radio dispatch to all stations and units in the area surrounding Lee County giving a description of the robbers.

Mr. Pugh found around $178.00 missing from the cash register along with a bank bag with the name, "Opelika National Bank Bag", inscribed on the outside of the bag.

Mr. Pugh made a positive in-court identification of appellant as one of the men who robbed him and the one with the pistol pointed on him.

Mr. William O. Weaver of the Opelika Police Department was not on duty on the morning of the robbery but was riding in a car with Mr. J. C. Dodgen, a Deputy Sheriff of Chambers County. They were on Highway 29 just off Interstate 85 when they picked up the radio dispatch giving a description of two black men who had just robbed the Ramada Inn in Opelika. They observed an automobile on Interstate 85 traveling at a high rate of speed. They gave chase and turned on the blue light and stopped the car. Dodgen got out of his marked car and walked up to the driver's side of the stopped car and asked the driver to get out. The driver was appellant and when he opened the door to get out, the dome light came on and he saw a black leather coat laying on the back seat of the car in plain view. The officer asked him for his driver's license and he said he did not have one. He pulled out a ticket that a State Trooper had given him for not having a driver's license. Appellant was placed under arrest for speeding and not having a valid driver's license and put in the Deputy's car along with his companion. The Deputy and Weaver then made a search of the automobile and found a pistol on the floorboard on the driver's side. They also found the bank bag with the inscription, "Opelika National Bank Bag", on the outside. The car was stopped less than a half mile from the Georgia state line.

The officers took the pistol and the bank bag but did not remove the black leather coat from the rear seat. They radioed the Opelika Police Department to report they had in custody the two robbery suspects and officers from Opelika came to the scene and took custody of the suspects, the pistol and bank bag and transported the suspects to the Opelika jail. One of the officers drove the car appellant was driving to Opelika. This car had a North Carolina tag on it.

■ The search of the automobile was constitutionally valid under *Daniels v. State*, 290 Ala. 316, 276 So.2d 441, and the United States Supreme Court cases cited therein.

■ There was no error in overruling and denying appellant's motion to exclude the state's evidence. *Young v. State*, 283 Ala. 676, 220 So.2d 843.

Appellant did not testify but offered the testimony of three witnesses who testified to his good character. All of these witnesses testified they had known appellant all or most of his life and that his general reputation in the community prior to December 9, 1974, was good. They further testified that his general reputation for peace and quiet in the community was good.

The first character witness was asked if she had ever heard anything bad against him and she replied, "No, sir." The other two character witnesses were asked the same question and the state objected and the court sustained the objections. Appellant claims this was error to reverse.

We are familiar with that long list of cases set forth in *Singley v. State,* 256 Ala. 56, 53 So.2d 729, that negative testimony as to good character is admissible but where a witness was permitted to testify to a fact we do not believe the court should be put in error in not allowing other witnesses to testify to the same facts.

The testimony of one witness that she had never heard anything bad against appellant was before the jury. She was from the same community as the other two witnesses who were not permitted to testify to the same facts. In our judgment the error, if any, was harmless to appellant.

We find no error in the record and the judgment of conviction must be affirmed.

Affirmed.

BOOKOUT, DeCARLO and TYSON, JJ., concur.

CATES, P. J., dissents.